**Thomas August HENSLEY, Plaintiff,**

v.

**UNITED STATES of America, Al Johnson Construction Company, a Corporation, and Continental Drilling Company, a Corporation, Defendants.**

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**AL JOHNSON CONSTRUCTION COMPANY, a Corporation, Third-Party Defendant.**

**No. 2716.**

United States District Court
D. Montana,
Great Falls Division.
Nov. 12, 1968.

See also D.C., 279 F.Supp. 548.

Bretz & Gabriel, Great Falls, Mont.; for plaintiff.

Moody Brickett, U. S. Atty., Butte, Mont., for defendant and third-party plaintiff.

Cure & Borer, Great Falls, Mont., for third-party defendant.

## ORDER

RUSSELL E. SMITH, Chief Judge.

Third-Party Defendant, Al Johnson Construction Company, has moved to dismiss a third-party complaint and to quash service of a third-party summons on the ground that the third-party complaint was filed more than ten days after the service of answer and without leave of court.

Rule 14(a) provides in part as follows:

"The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action."

The notice required by Rule 14(a) is notice to the parties, and since third-party defendant is not, at the time application for leave is made a party, he is not one to whom notice need be given.[1] The requirement that leave of court must be obtained is not for the protection of the third-party defendant, but for the protection of the parties to the principal action who have a legitimate concern in the orderly and timely disposition of their litigation. Since the timeliness of the procedure is of no concern to the third-party when he is brought in, he may not challenge either the jurisdiction of the court or the services of the summons because of procedural failures which do not concern him. In short, the order for leave to file is not treated as a condition to jurisdiction.

It may be that in a proper case the court, upon motion of a third party defendant, might strike a third-party complaint, not because of any right in the third-party defendant to have the complaint stricken for failure to comply with Rule 14(a), but because the court might deem that under the circumstances of a particular case it would be unfair to delay the trial of the principal case until the third-party defendant were ready for trial, or unfair to push the third-party defendant into an immediate trial. Such is not the case here. The third-party complaint was filed 11 days after answer was served. The delay was one day. The presence of the third-party complaint will not delay the trial of the principal case.

The motions to dismiss and quash for lack of jurisdiction are denied.

Third-party defendant's motion to dismiss the third-party complaint for failure to state a claim is denied.

Third-party defendant is granted twenty (20) days from this date to answer the third-party complaint.

1. See Moore's Fed.Prac. Vol. 3, p. 507, f. n. 2 & 3.