Edward WEST, Appellant,

v.

Willard HAWKER and Erling Hanson et al., Appellees.

No. 2–56968.

Supreme Court of Iowa.

Jan. 21, 1976.

John M. Bickel, of Shuttleworth & Ingersoll, Cedar Rapids, for appellant.

John Q. Swift, of Swift & Swift, Manchester, for appellees.

Heard by MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

We granted this interlocutory appeal to permit plaintiff to challenge a trial court order sustaining special appearances by two of the four defendants in the case. The question presented is whether the original notices served upon these two defendants were sufficient to confer jurisdiction over them under rule 50, Rules of Civil Procedure, as the rule existed on October 3, 1973. The trial court answered the question negatively in sustaining the special appearances upon two separate grounds. We reverse and remand.

This is a negligence action based upon injuries plaintiff Edward West alleges he sustained in a parachute jump during ceremonies at the Manchester municipal airport

on October 3, 1971. Plaintiff originally sued the City of Manchester and Manchester Chamber of Commerce in a petition containing three divisions. He alleged the parties contracted with him to make parachute jumps on the occasion involved but were negligent in several respects relating to safety of the landing area. Division I stated his claim against the City of Manchester; division II stated his claim against defendant Chamber of Commerce; and division III stated his claim against both defendants. Those defendants answered. Amendments were subsequently made to the petition and the answers. Plaintiff replied.

Then on October 3, 1973, plaintiff filed with the district court a document title "AMENDED PETITION", containing three divisions. Division IV purported to state a claim against defendant Willard Hawker on the theory he was an agent of the City and Chamber of Commerce who negligently breached certain ground safety responsibilities during the parachute jumps; division V purported to state a claim against defendant Erling Hanson on the same theory; division VI purported to state a claim against all four defendants, alleging joint and several liability. With this document, plaintiff filed a "MOTION FOR LEAVE TO AMEND PETITION". In this motion, as later corrected, he asked leave of court to substitute division VI of the amended petition for division III of the original petition. Plaintiff did not seek or obtain leave of court to file divisions IV and V of the "AMENDED PETITION".

Plaintiff caused an original notice to be served on new defendants Hawker and Hanson. These defendants appeared specially, and their special appearances were sustained on two grounds raising the issues which must be decided in this appeal. Defendants City of Manchester and Chamber of Commerce filed separate documents resisting plaintiff's motion for leave to amend his petition. Because the special appearances were sustained, the trial court did not reach the merits of those resistances.

Plaintiff's motion for leave to substitute division VI of the amended petition for division III of the original petition was overruled as moot, with leave to refile if the court's ruling on the special appearances was reversed on appeal.

Two issues are raised in plaintiff's appeal: (1) were the original notices fatally ambiguous? (2) were divisions IV and V of the "AMENDED PETITION" actually "on file" as alleged in the original notices? These issues relate to the form and accuracy of the notices.

I. *The form of the original notices.* At the time involved here, rule 50, R.C.P., provided as follows:

"The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. It shall name the plaintiff, the court, and the city or town, and county where the court convenes. It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. It shall notify defendant to appear before said court within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. *A copy of the petition may be attached; but if it is not or if the service is by publication, the notice shall contain a general statement of the cause or causes of action and the relief demanded, and, if for money, the amount thereof.*" (Italics added).

This appeal is not affected by the change made in rule 50 effective July 1, 1975. See 66 G.A., 1975 Session, ch. 260. All references to rule 50 in this opinion will be to rule 50 as it existed before that change.

The original notices served on defendants Hawker and Hanson contained the caption of the case, were addressed to them, and included the following:

"You are hereby notified that a petition of the above named plaintiff and Amendments thereto in the above entitled action is now on file in the office of the Clerk of the above named Court, and a copy of which petition and Amendments thereto is hereto attached, and which petition and Amendments thereto prays for judgments against you in the amount of $75,000.00 with interest thereon as is provided by law and for the costs of this action. For further particulars your attention is directed to the Petition and Amendments thereto, copies of which are attached hereto. A Demand for Trial by Jury is also attached.

"You are hereby notified to appear before said court at Manchester in Delaware County, Iowa, within twenty days after service of this original notice upon you, and that unless you so appear, your default will be entered and judgment or decree will be rendered against you for the relief demanded in the amended petition.

/s/ John M. Bickel
John M. Bickel, Atty. for Plaintiff
Shuttleworth & Ingersoll
    1120 Merchants National Bank Building,
    P.O. Box 2107,
    Cedar Rapids, Iowa 52406"

Six documents were attached to the original notices; they were the petition, three amendments to the petition, the "AMENDED PETITION" of October 3, 1973, and a jury demand.

Defendants Hawker and Hanson successfully contended in their special appearances that this form of original notice did not adequately inform them of the nature of the action against them or the relief demanded from them as required by rule 50. They asserted an ambiguity exists between the references in the first paragraph of the notice to "petition and Amendments thereto" and the reference in the second paragraph to the relief demanded in the "amended petition". They said the references in the first paragraph would apply only to the original petition and three amendments but would not include the "AMENDED PETITION" of October 3, 1973. Then they said the latter pleading would be the only document to which the second paragraph of the notice would apply. They argued this made the original notices fatally defective and inadequate to confer jurisdiction. We disagree.

■ In *Krebs v. Town of Manson,* 256 Iowa 957, 960, 129 N.W.2d 744, 746 (1964), we said:

"An original notice which does not contain the matter required by Rule 50 is fatally defective and does not confer jurisdiction over the party served with such defective notice. [citations] Recent cases * * * have relaxed the standards of literal compliance with the statutory requirements, but have not altered the basic rule. We have drawn a distinction between irregularities in a notice which are not fatally defective if no prejudice to defendant is shown, and defects which do not substantially comply with the statute and are jurisdictional."

Rule 50, as applicable here, provides two means of notifying a defendant of the nature of the claim and the relief demanded. One means is by attachment of a copy of the petition. The other is by putting the information in the notice. Here the plaintiff sought to use the first means. Since this is information which rule 50 requires be conveyed by one or the other of these methods, plaintiff was bound to comply substantially with this requirement of the rule. However, any mere irregularity of form or technical or clerical error in employment of the method selected which did not mislead or deceive defendants cannot be relied upon as demonstrating a failure of substantial compliance. *Marks v. Shinrone, Inc.,* 220 N.W.2d 889, 890–891 (Iowa 1974), *Parkhurst v. White,* 254 Iowa 477, 481–482, 118 N.W.2d 47, 49–50 (1962).

■ In this case, plaintiff did exactly what the method selected under the rule

required to notify defendants of the nature of his claim against them and relief demanded. He attached a copy of "the petition": a copy of the petition as originally filed and all subsequent amendments including the "AMENDED PETITION" of October 3, 1973. Insofar as the latter document is concerned, it read as much like an amendment to the petition as the three other amendments did.

Defendants Hawker and Hanson alleged plaintiff's effort to incorporate the petition by reference in the form of original notice was confusing. This complaint refers at most to a mere irregularity in the form of the notice; it does not show a failure to attach "the petition" to the notice. No prejudice has been asserted or shown. In fact, defendants acknowledge they understood the only pleading purporting to state a claim or demand relief against them was the "AMENDED PETITION" of October 3, 1973.

In addition, we believe the term in the first paragraph "petition and Amendments thereto" was sufficiently broad to refer to all the documents attached to the notices, including the "AMENDED PETITION" of October 3, 1973. The question whether that amendment was truly "on file" is an independent issue which is addressed separately in this appeal. Moreover, the original notices were accurate in advising these defendants the relief sought against them was in the "AMENDED PETITION". That is where they admit they found it.

The language of the original notices substantially conformed to the requirements of rule 50. Any defects in descriptive language were mere irregularities of form which did not prejudice defendants. The trial court erred in sustaining defendants' special appearances on this ground.

II. *The accuracy of the original notices.* The second issue in this appeal involves interpretation of rule 88, R.C.P. It provides:

"Any pleading may be amended before a pleading has been filed responding to it.

The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense. The court may impose terms, or grant a continuance with or without terms, as a condition of such allowance."

Plaintiff did not seek permission of the court to file divisions IV and V of the "AMENDED PETITION". Defendants Hawker and Hanson contended in their special appearances that he was obliged to do so. The result, according to defendants, was that the "AMENDED PETITION" was not "on file" as claimed in the original notices; and, since it was not on file, it could not be incorporated by reference in the original notices. This, they argued, was a separate fatal defect in the notices under rule 50.

In attacking the trial court's ruling sustaining the special appearances on this ground, plaintiff contends permission of the trial court to file the "AMENDED PETITION" was unnecessary. He argues that rule 88 requires permission prior to amendment only when the amendment changes a pleading against a party who has responded; it does not apply when a pleading is amended to make a claim against new parties. He also urges that even if permission were required only the original defendants could raise the issue; it is not available to the parties sought to be added. Finally, he contends failure to obtain permission is not jurisdictional, that the only issue if rule 88 applies is whether permission would have been granted if it had been sought. Here, he says, such permission would have been granted and therefore the "AMENDED PETITION" was "on file" at the time the original notices were served.

We do not agree entirely with the contentions of either party, but we do conclude plaintiff is correct in contending divisions IV and V of the "AMENDED PETITION" were "on file" when the original notices were served on defendants Hawker and Hanson.

A petition is a pleading. Rule 69, R.C.P. Defendants City of Manchester and Chamber of Commerce had filed answers to the petition before October 3, 1973. Therefore rule 88 would require leave of court before amendment unless plaintiff is correct that the rule is inapplicable when the amendment does not change the claim against original parties but merely adds parties. This is how he justifies his motion for leave to amend only with respect to division VI of the "AMENDED PETITION". He relies upon rule 24, R.C.P., which provides:

"Any number of defendants may be joined in one action which asserts against them, jointly, severally or in the alternative, any right to relief in respect of, or arising out of the same transaction, occurrence, or series of transactions or occurrences, when any question of law or fact common to all of them is presented or involved."

Rule 24 is silent on whether leave of court must be sought to add defendants after issue has been joined by original defendants.

▌ We believe that when rules 24 and 88 are read together they require that when a petition is sought to be amended to add new parties after issue has been joined by original defendants permission of court is necessary. The purpose of the leave of court requirement in rule 88 is to give defendants who have answered a right to object to amendments made which might affect their preparation for trial. *Townsend v. Mid-America Pipeline Co.*, 168 N.W.2d 30, 37 (Iowa 1969); *Dailey v. Holiday Distributing Corp.*, 260 Iowa 859, 866, 151 N.W.2d 477, 482 (1967). Even an amendment adding parties might affect trial preparation. It could affect such matters as decisions regarding cross-petitions or cross-claims, the scheduling of trial, and trial strategy. These matters go to the timeliness of such an amendment. Thus, we agree with defendants that plaintiff should have sought leave of court to file divisions IV and V as well as division VI of

the amendment. Of course, such amendments are generally allowed. See, e. g., *Barnard v. Cedar Rapids City Cab Co.*, 257 Iowa 734, 751–752, 133 N.W.2d 884, 896 (1965); *Daniel v. Best*, 224 Iowa 1348, 1355–1357, 279 N.W. 374, 378–379 (1938). For discussion of the rule, see *Galbraith v. George*, 217 N.W.2d 598, 601 (Iowa 1974); *Board of Adjustment of City of Des Moines v. Ruble*, 193 N.W.2d 497, 507 (Iowa 1972); *Townsend v. Mid-America Pipeline Co.*, supra; *Dailey v. Holiday Distributing Co.*, supra. The rule permits imposition of terms and the grant of a continuance when appropriate as a condition of allowance.

▌ But we agree with plaintiff that defendants Hawker and Hanson have no right to be heard on this issue. The rights protected under rule 88 are those of parties who have already joined issue in the case; they are not rights of non-parties whom the plaintiff seeks to add. Rule 88 does not put non-parties in any different position than they would be in if a petition were filed against them in a separate action.

▌ Our rule 88 is analogous to rules 14(a) and 15(a), Federal Rules of Civil Procedure. See *Meilinger v. Metropolitan Edison Co.*, 34 F.R.D. 143 (D.Pa.1963) (rule 14(a)); *Joseph v. House*, 353 F.Supp. 367 (D.Va.1973) (rule 15(a)); cf. rule 21, F.R. C.P. In *Hensley v. United States*, 45 F.R.D. 352 (D.Montana 1968), the court was confronted with a motion to dismiss a third-party complaint and to quash summons on the ground of the third-party plaintiff's failure to obtain leave of court under rule 14(a), F.R.C.P., before filing the third-party complaint. The court held:

"The notice required by Rule 14(a) is notice to the parties, and since third-party defendant is not, at the time application for leave is made a party, he is not one to whom notice need be given. The requirement that leave of court must be obtained is not for the protection of the third-party defendant, but for the protection of the parties to the principal action who have a legitimate concern in the

orderly and timely disposition of their litigation. Since the timeliness of the procedure is of no concern to the third-party when he is brought in, he may not challenge either the jurisdiction of the court or the services of the summons because of procedural failures which do not concern him. In short, the order for leave to file is not treated as a condition to jurisdiction."

For the same reason, we reach the same conclusion here. Leave of court to file the "AMENDED PETITION" of October 3, 1973, was not a condition to the district court's acquisition of jurisdiction of defendants Hawker and Hanson. Within the meaning of the jurisdictional requisites of rule 50, divisions IV and V of the "AMENDED PETITION" were "on file" as alleged in the original notices.

Regarding the original defendants, their remedy was by motion to strike. They made a motion to strike division VI of the amendment which was sustained because of the ruling on the special appearances. Upon remand, as provided in the trial court's ruling, plaintiff has the right to seek leave of court to refile division VI.

The original defendants did not move to strike divisions IV and V, but they did challenge plaintiff's right to add those divisions to the petition in their resistances to plaintiff's motion for leave to amend relating to division VI. Because the special appearances were sustained, the trial court did not rule on those resistances. Upon remand, it should do so, making the same decision it would have made upon a motion for leave to amend to add those divisions under rule 88. If the court determines that leave would have been granted if it had been sought, the resistances should be overruled, and the amendment will stand allowed as if timely permission to file it had been obtained. *A. Y. McDonald Co. v. Morrison,* 211 Iowa 882, 887, 228 N.W. 878, 880 (1930); *Cary-Platt v. Iowa Electric Company,* 207 Iowa 1052, 224 N.W. 89 (1929); *Buttman v. Christy,* 197 Iowa 661, 198 N.W.

314 (1924). It is "on file" unless or until stricken upon grounds which would have been adequate to deny it if leave of court had been sought before it was filed.

We hold that the failure of plaintiff to obtain leave of court to amend his petition to add defendants Hawker and Hanson did not affect the validity of the original notices served upon them. The trial court erred in holding otherwise.

The special appearances should not have been sustained on either ground.

Reversed and remanded.