**PARKER–HANNIFIN CORPORATION,**
Plaintiff,

v.

**SAMUEL MOORE AND COMPANY,**
Defendant.

Civ. A. No. C76–1332.

United States District Court,
N. D. Ohio, E. D.

April 8, 1977.

James H. Tilberry, Meyer, Tilberry &
Body, Cleveland, Ohio, John N. Wolfram,
Cleveland, Ohio, for Parker-Hannifin Corp.

Scribner L. Fauver, Fauver & Fauver,
Elyria, Ohio, Clelle W. Upchurch, Stevens,
Davis, Miller & Mosher, Arlington, Va.,
Robert W. Poore, Jones, Day, Reavis &
Pogue, Cleveland, Ohio, for Samuel Moore &
Co.

## MEMORANDUM AND ORDER

KRUPANSKY, Judge.

This is a patent proceeding wherein plaintiff seeks declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that defendant's patents are invalid and that plaintiff's devices do not infringe those patents. The Complaint further demands injunctive relief, compensatory and punitive damages, and attorneys' fees. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1338.

The matters here in issue are also the subject of a pending action in the United States District Court for the Northern District of Georgia, Atlanta Division. The pendency of this related case has given rise to a number of motions in this Court respecting the forum in which this action shall ultimately proceed. On February 8, 1977, defendant Samuel Moore and Company (Moore), filed a Motion to Dismiss, or in the alternative, to Transfer, or Stay Proceedings. Plaintiff Parker-Hannifin Corpo-

ration (Parker) responded in opposition on March 10, 1977. Also on March 10, The Orton Company (Orton), filed a pleading styled "Motion to Join The Orton Company as a Party Plaintiff," purportedly pursuant to Rules 19, 20 and 21, Fed.R.Civ.P., to which defendant Moore has responded in opposition. Finally, on March 14, 1977, defendant Moore filed a Motion for Temporary Stay of Proceedings, to which plaintiff Parker responded in opposition on March 23, 1977.

A summary of the chronology of events precipitating these proceedings will serve to elucidate the context in which the foregoing pleadings have arisen. Historically, plaintiff Parker was a manufacturer of hose fittings, but not of hose, whereas defendant Moore was a manufacturer of hose, but not of hose fittings. Eventually, both parties developed competitive product lines in each others' respective fields of specialty, and the economic contest, which has pitted these two parties as adversaries, ensued.

On January 15, 1974 and January 7, 1975, Moore obtained letters patent on two devices (3,785,050 and 3,858,298, respectively), referred to as a "portable hand swager," a device for affixing hose fittings to hoses. Parker's unsuccessful attempts to obtain a license to manufacture the Moore swager resulted in Parker's development of its own swaging tool, the accused PMM–1 hand swager (an apparently unpatented device). The PMM–1 device, priced at about $50 each, was sold by Orton, a Parker distributor, of Norcross, Georgia.

On October 4, 1976, Moore filed suit against Parker and Orton in the District Court for the Northern District of Georgia, Atlanta Division (C76–1646A), alleging patent infringement. Thereafter, on December 20, 1976, Parker filed the instant declaratory judgment action in this Court, seeking an adjudication of invalidity and non-infringement of the Moore patents. In addition, on December 22, 1976, Parker moved the Georgia court to sever the action as between itself and Orton, to then transfer the action against Parker to this Court, and to stay the remaining action in Georgia against Orton.

■ Considering first, the Motion to Join The Orton Company as a Party Plaintiff, the Court finds that particular pleading improperly drawn and not supported by a memorandum of law as required by Rule 3(a)(2), L.Civ.R. Orton is not a party to this action and neither of the existing parties seeks leave to join Orton through any of the appropriate joinder devices. Rather, Orton, on its own behalf, as is apparent from the face of the pleading, seeks to join this action as a party plaintiff, and to that end, erroneously invokes the joinder of parties provisions of Rules 19, 20 and 21, Fed. R.Civ.P. Properly pleaded, Orton's participation in these proceedings should be pursued through the intervention procedures established in Rule 24, Fed.R.Civ.P.

■ Rule 24(c) directs the prospective intervenor to serve a motion to intervene upon the parties as provided in Rule 5, Fed.R.Civ.P. Rule 24 furthermore provides that the motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Orton has failed to invoke Rule 24 or comply with its provisions in its efforts to join this action. The motion to join as a party plaintiff must therefore be denied.

■ Moreover, even if the Court were to treat Orton's motion as an improperly drafted motion to intervene, the Court must nonetheless deny the motion. Initially, the Court observes that motions for permissive intervention are addressed to the sound discretion of the district court. *Brewer v. Republic Steel Corporation*, 513 F.2d 1222 (6th Cir. 1975); *Afro American Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974); *Hatton v. County Board of Education*, 422 F.2d 457 (6th Cir. 1970). In the exercise of its discretion, the Court is mindful of the Supreme Court's decision in *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952), wherein the Court advised that "wise judicial administration, giving regard to conservation of judicial resources

and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."

■ Upon examination of the Orton pleading, the Court observes that Orton and Parker are represented by the same attorneys; that the pleading is admittedly directed in response to Moore's Motion to Dismiss or Transfer this action to Georgia, and is intended to foreclose Moore's contention that the instant action may not proceed in the absence of all the parties to the Georgia suit. A review of the chronology and circumstances inherent to these proceedings renders inapposite plaintiff's charge that defendant Moore has engaged in forum shopping practices. Rather, it would appear that plaintiff Parker, in this subsequent lawsuit, seeks to choose the forum in which Moore may litigate its claim. Where, as here, the proposed intervenor appears to employ the intervention procedure, "not to become a party to a suit in which it has the primary interest, involving a question which it cannot otherwise have decided, but simply to obtain a change of venue from a court having earlier jurisdiction over it to another court now having no jurisdiction over it", the motion to intervene is appropriately denied. *Pierce v. International Telephone & Telegraph Corp.*, 147 F.Supp. 934, 944 (D.N.J.1957).

As may be surmised from the tenor of the foregoing discussion, the Court finds merit in defendant's Motion to Dismiss or Transfer. The two patents here in issue are the same patents in issue in the Georgia proceeding, as are the alleged infringing devices. The claims of non-infringement and patent invalidity are identical to the defenses to be raised in Georgia. The defenses of infringement and patent validity to be raised herein are also identical to the claims raised in the Georgia suit. Moore and Parker are adversaries both here and in Georgia, although all of the parties to the Georgia proceedings are not participants herein. In short, but for the inability of defendant Moore to proceed against Orton in this District, the actions in this District and in Georgia are one and the same.

■ As defendant Moore correctly asserts, primary jurisdiction attaches in the forum in which the action is first instituted. *Joseph Bancroft & Sons Co. v. Spunize Co. of America*, 268 F.2d 522 (2d Cir. 1959); *Martin v. Graybar Electric Company, Inc.*, 266 F.2d 202 (7th Cir. 1959); *Barber-Greene Company v. Blaw-Knox Company*, 239 F.2d 774 (6th Cir. 1957). As stated at 2 *Moore's Federal Practice*, ¶ 3.06[2], at 736–739:

> With regard to Rule 3 [Fed.R.Civ.P.] it may be stated as a general proposition that the relative time of commencement is determinative of priorities as between pending federal actions where the parties are the same.

As to priority of jurisdiction, the Court finds eminent logic in the following words of the Supreme Court in *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 185, 72 S.Ct. 219, 222, 96 L.Ed. 200 (1952):

> The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart.

As clearly established by the record in these proceedings, the action in Georgia, filed on October 4, 1976, must take precedence over the action filed in this Court on December 20, 1976.

However, the ultimate consideration to be recognized by the Court is "which jurisdiction can best serve the ends of justice by an expeditious and effective adjudication?" *Shikler v. Weinstein*, 105 F.Supp. 48, 49 (S.D.N.Y.1952). In a search for an expeditious and effective adjudication of this controversy, the Court recognizes that proceedings in this District would severely prejudice Moore's ultimate ability to prosecute its suit for patent infringement. Jurisdiction first attached in the United States District Court in Atlanta, Georgia. All of the parties reside in Georgia and the alleged acts of infringement occurred in Georgia. Moore cannot sue Orton except in

Georgia. Moreover, as admitted in the pleadings, the parties have already engaged in considerable discovery in Georgia and Orton has "already produced all of its records" in Georgia. To begin anew in this Court would cause unnecessary delay and hardship. The only reasonable solution is the immediate transfer of this action to the United States District Court in Georgia, where it may be properly joined with the action therein pending.

■ The Court furthermore recognizes that the action now pending in the District Court in Atlanta, Georgia may not be transferred to this District. Section 1404(a) of Title 28, United States Code, which provides for a change of venue, states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Before the Court may consider the convenience of the parties and witnesses on a Motion for Change of Venue, it must determine in the first instance if the transferee court is one in which the action "might have been brought."

> This limitation, like the earlier doctrine of *forum non conveniens*, imposes two prerequisites to transferability. Venue must be proper in the transferee district; in addition, the defendants must be subject to the process of the federal court in the transferee district at the time the action was originally filed. (footnotes omitted).

*Relf v. Gasch*, 167 U.S.App.D.C. 238, 240–241, 511 F.2d 804, 806–807 (1975). *See also*, *Blaski v. Hoffman*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689 (10th Cir. 1965); *Barber-Green Company v. Blaw-Knox Company, supra*. Even if some, but not all, of the defendants are amenable to service of process in the proposed transferee district, the Court is without power to transfer the action to the other district under § 1404. *Relf*

*v. Gasch, supra*, 511 F.2d at 807, n. 13; *Shutte v. Armco Steel Corp., supra* at 24.

In determining if the Northern District of Ohio is one in which the Georgia action might have been brought, the Court reviews section 1400(b) of Title 28, United States Code, which controls issues of venue in patent proceedings:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

In defining the residence of a corporate defendant, the general venue statute, 28 U.S.C. § 1391(c), provides that a corporate residence lies in the district in which a corporation is incorporated, licensed to do business, or is doing business.

The pleadings herein disclose that Orton, is not incorporated or licensed to do business in the State of Ohio. Nor does Orton engage in any business in this district. As a result, Orton may not be sued in this District. To permit a change of venue of the Georgia proceedings, Moore must have had the right to sue Orton in the Northern District of Ohio, the transferee district, independent of the wishes of the defendants and, notwithstanding Orton's subsequent waiver of venue or personal jurisdiction. *Blaski v. Hoffman, supra*, 363 U.S. at 344, 80 S.Ct. 1084. Therefore, the Georgia lawsuit may not be transferred to this District.

Accordingly, the Motion to Join The Orton Company as a Party Plaintiff is hereby denied. The Motion of defendant Samuel Moore and Company to Transfer this action is granted and this action is hereby transferred to the United States District Court for the Northern District of Georgia, Atlanta Division. As a result of the foregoing Orders, defendant Moore's alternative Motions for Dismissal and Stay of Proceedings, and defendant's Motion for Temporary Stay of Proceedings are rendered moot.

IT IS SO ORDERED.