**Frank PANTANO and Sarah Pantano, Plaintiffs,**

v.

**CLARK EQUIPMENT COMPANY, Defendant.**

**No. 91 Civ. 3140 (WK).**

United States District Court, S.D. New York.

Oct. 7, 1991.

Andrew Bersin, Farmingdale, N.Y., for plaintiffs.

Richard J. Sabatini, Amon & Sabatini, New York City, for defendant and third party plaintiff.

Suzanne M. Halbardier, Coca Cola Bottling Co., Bronx, N.Y., for Coca Cola Bottling Co.

## OPINION AND ORDER

WHITMAN KNAPP, District Judge.

Pursuant to Fed.R.Civ.P. 14(a) defendant moves for leave to file a third-party complaint, impleading Coca Cola Bottling Company, Inc. ("Coca Cola"). For the reasons that follow, this motion is granted.

## BACKGROUND

On November 16, 1990 plaintiff Frank Pantano was injured at his place of employment, allegedly as a result of the defective and dangerous condition of a forklift on said premises. On May 8, 1991 he, along with his wife, commenced this diversity action sounding in negligence and strict product liability against defendant, the alleged designer and manufacturer of the forklift. On June 6 defendant answered in this action, and on September 5 it filed the instant motion seeking leave to implead Coca Cola, Frank Pantano's employer. Defendant served plaintiffs and Coca Cola with notice of this motion.

In support of this motion, defendant asserts that Coca Cola exercised complete control over Frank Pantano's work environment and was responsible for the job instruction and training in use of the forklift at issue. Sabatini Affid. ¶ 4. Its proposed third-party complaint pleads, in relevant part:

> If ... [defendant] is held liable to the plaintiff, such liability arose out of the negligence of the above-named third-party defendant [Coca Cola] in causing or creating an unsafe and dangerous work area, or in any other way causing the injuries or damages of the plaintiff, entitling [defendant] to indemnification and/or contribution, in whole or in part, by and from [Coca Cola] ...

Defendant informs that it did not earlier seek to implead Coca Cola as it required time to investigate the potential liability of Coca Cola, and only received plaintiffs' Bill of Particulars on July 1.

Plaintiff has filed no opposition to this motion. However, counsel for Coca Cola has filed an affirmation in opposition, asserting that defendant has failed to adequately justify its two month delay in making this impleader motion, that defendant fails to point to any evidence which might establish that Coca Cola may be liable to it in this case, and requesting that the issues in the primary action be litigated prior to any impleader of Coca Cola.

## DISCUSSION

Rule 14(a) which governs third-party practice provides, in relevant part:

**42**

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

■ Although neither the Second Circuit nor a district court within this circuit has addressed the question, several district courts have held that the notice required by this rule does not include notice to the proposed third-party defendant, since the "third-party defendant is not, at the time application for leave is made, a party". *Hensley v. United States* (D. Montana 1968) 45 F.R.D. 352, 353; *see Nelson v. Quimby Island Rec. Dist. Fac. Corp.* (N.D.Cal.1980) 491 F.Supp. 1364, 1387 n. 48. These courts have reasoned that the purpose of the rule's notice requirement is to protect the interests of parties to the principal action "who have a legitimate concern in the orderly and timely disposition of their litigation". *Hensley, supra* at 353. We find this reasoning in accord both with the express language of the rule, "notice to all parties to the action", and its intent. *See* Advisory Committee Notes, 1963 Amendment. We therefore adopt it as our own, and accordingly disregard the opposition submitted by Coca Cola as not properly before us.

■ We have reviewed the moving papers and conclude that the filing of the instant third-party complaint should be allowed.

### CONCLUSION

Defendant's motion is granted.

SO ORDERED.