DOW CORNING CORPORATION, Merrell Dow Pharmaceutical, Inc., and Dow Corning Wright Corporation, Petitioners,

v.

Honorable Charles L. OWENS, in his official capacity as District Judge of Judicial District No. 7, State of Oklahoma, et al., Respondents.

SURGITEK, INC., d/b/a Surgitek/Medical Engineering Corp., et al., Petitioners,

v.

The Honorable Charles L. OWENS, in his official capacity as District Judge of Judicial District No. 7, State of Oklahoma, et al., Respondents.

Nos. 79991, 79992.

Supreme Court of Oklahoma.

Nov. 24, 1992.

## ORDER

Original jurisdiction is assumed. The writ of prohibition is denied. Pursuant to 12 O.S.1991 § 2014(A), leave to file a third-party petition more than ten (10) days after service of an original answer must be obtained by motion *upon notice to all parties to the action.* Third-party defendants sought to be brought in by the third-party petition are not parties to the action until the third-party petition is filed. Because the ten-day period for impleading third-party defendants is not intended for such party's benefit, the third-party defendant cannot object if the impleading is filed more than ten days after service of the answer. The 10–day limit on impleading third parties is not to be viewed as a jurisdictional barrier. 12 O.S.1991 § 2014(A); *See* G. Fraser, "Counterclaims, Cross–Claims, & Third–Party Claims under the Oklahoma Pleading Code," 39 *Okla.L.Rev.* 1, 18 (1986). *See also, West v. Hawker,* 237 N.W.2d 802, 807 (Iowa 1976); 6 Wright & Miller, *Federal Practice & Procedure,* § 1455, p. 434 (West 1990).

We note that none of the parties to the action, that is, those who were required by 12 O.S.1991 § 2014(A) to be notified of a parties request for leave to file a third party petition, made any objection to the filing of the petition.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, HARGRAVE, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

SIMMS, J., dissents.