Richard R. NEILL and Donna
Neill, Appellants,

and

Doris M. Swift, Individually and as Ad-
ministrator of the Estate of Edwin
H. Swift, Deceased, Plaintiff,

v.

WESTERN INNS, INC. d/b/a
Ramada Inn, Appellee.

No. 97–1462.

Supreme Court of Iowa.

June 3, 1999.

Douglas H. Napier of Napier, Wolf & Napier, Fort Madison, for appellants.

Richard J. Sapp and John B. Tuffnell of Nyemaster, Goode, Voights, West, Hansel & O'Brien, Des Moines, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

TERNUS, Justice.

Plaintiff, Richard Neill, contracted Legionnaires' disease, allegedly while staying at a hotel operated by the defendant, Western Inns, Inc. He filed a joinder in the present lawsuit, which had been commenced by the estate of another hotel patron who had died of the same disease. The district court sustained Western Inns' motion to dismiss the joinder, ruling that the attempted joinder was improper. Neill appeals the district court's decision, claiming that his joinder in the pending litigation was appropriate and that, in the event the joinder was not permissible, dismissal was not the proper remedy.

We agree with the district court that Neill's unilateral joinder was improper, but we think dismissal was not necessarily warranted for this reason. Because Neill's joinder was essentially a petition, the district court should have considered the legal sufficiency of Neill's pleading as a petition in deciding whether to sustain Western Inns' motion to dismiss. Therefore, we reverse and remand for further proceedings consistent with this opinion.

I.  *Background Facts and Proceedings.*

Neill contracted Legionnaires' disease several weeks after staying at a hotel operated by Western Inns. He believed that the defendant's hotel was the source of the bacteria causing his illness.

Other individuals also allegedly contracted the same disease at the defendant's hotel. One of these individuals was Edwin Swift. Swift's widow, as administrator of his estate, commenced the present lawsuit against Western Inns alleging that Western Inns' negligence was a proximate cause of Swift's death from Legionnaires' disease.

Seven months after Swift's lawsuit was filed, Neill filed a document in that action entitled "Joinder of Plaintiffs Richard R. Neill and Donna Neill." (Throughout the remainder of this opinion we will refer to the plaintiffs jointly as Neill.) The substance of this joinder was the same as a typical petition, setting forth in separate counts Neill's claims against Western Inns and praying for money damages. Neill did not obtain leave of court, nor did he obtain the consent of the original parties.

Swift's claim against Western Inns was eventually settled and the estate's lawsuit was dismissed. Thirty-three days after this dismissal and 112 days after the joinder was filed, Neill served a copy of the joinder on Western Inns. In response, Western Inns filed a motion to dismiss, alleging four reasons in support of its motion: (1) the unauthorized and unilateral joinder was not an allowable method to commence an action under Iowa Rule of Civil Procedure 48, which requires that an action be commenced by the filing of a petition;[1] (2) the attempted joinder was ineffectual because there was no order of the court permitting it nor did the original parties consent to it; (3) the attempted

---

1.  All references to the rules of civil procedure are to the 1997 rules.

joinder must be dismissed because the underlying lawsuit had been dismissed; and (4) Neill's delay in serving the joinder was presumptively abusive, warranting dismissal. The district court granted the motion to dismiss, ruling that the attempted joinder was improper under the rules governing joinder. This appeal followed.

II. *Scope of Review.*

We review the district court's interpretation of the rules governing joinder for correction of errors of law. *Cf. State v. Dennison,* 571 N.W.2d 492, 494 (Iowa 1997) (reviewing district court's interpretation of rule of criminal procedure for errors at law); *State ex rel. Shoars v. Kelleher,* 539 N.W.2d 189, 190 (Iowa 1995) (reviewing district court's interpretation of child support guidelines on error). We review the district court's dismissal order under the same standard. *See Estate of Dyer v. Krug,* 533 N.W.2d 221, 222 (Iowa 1995).

III. *Was the Attempted Joinder Proper?*

The initial issue to be resolved is whether the district court correctly determined that Neill's attempt to join in the Swift lawsuit without obtaining leave of court or consent of the parties involved was improper. Neill relies on Iowa Rule of Civil Procedure 23, which provides for the joinder of multiple plaintiffs, as authority for his action:

> Any number of persons who claim any relief, jointly, severally or alternatively, arising out of or respecting the same transaction, occurrence or series of transactions or occurrences, may join as plaintiffs in a single action, when it presents or involves any question of law or fact common to all of them.

He points out that this rule does not require a joining party to obtain leave of court or the consent of the original parties to the lawsuit. We think the explanation for the failure of rule 23 to include any procedure for joining a pending lawsuit is

that the rule does not contemplate a unilateral joinder by a person not a party to the suit. This conclusion is supported by the language of rule 23 and the scope of other rules of civil procedure that provide for the participation of a nonparty in a pending lawsuit.

We start with an examination of the language of rule 23, specifically the operative word "join." Black's Law Dictionary contains the following relevant definitions:

> **Join.** To *unite;* to come together; to combine or *unite* in time, effort, action; to enter into an alliance.

> **Joinder.** Joining or coupling together; *uniting* two or more constituents or elements in one; *uniting* with another person in some legal step or proceeding; union; concurrence.

> . . . .

> **Joinder of parties.** The act of *uniting* as parties to an action all persons who have the same rights or against whom rights are claimed, as either co-plaintiffs or co-defendants.

*Black's Law Dictionary* 836 (6th ed.1990) (emphasis added). To unite is "to join in an act; to concur; *to act in concert."* *Id.* at 1533 (emphasis added). The noun "concert" is defined as "agreement in a design or plan : union formed by *mutual communication* of opinions and views." *Webster's Third New International Dictionary* 470 (unabr. ed.1993) (emphasis added). The verb "concert" has a similar meaning: "to plan together." *Id.* Thus, "[a] person is deemed to act in concert when he acts *with another* to bring about some preconceived result." *Black's Law Dictionary* 289 (emphasis added).

From these definitions, it appears that the act of joinder contemplates a concerted effort on the part of more than one individual, rather than the unilateral action of one person. *See Thompson v. Boggs,* 33 F.3d 847, 858 (7th Cir.1994) (holding analogous federal rule did not authorize the filing of a motion to join by a nonparty to the lawsuit); *Parker–Hanni-*

*fin Corp. v. Samuel Moore & Co.*, 436 F.Supp. 498, 500 (N.D.Ohio 1977) (same). Thus, we think rule 23 governs situations where individuals come together and, if the requirements of the rule are met, *mutually agree* to join their claims together in one lawsuit.

This court's interpretation of Iowa Rule of Civil Procedure 24, an analogous rule governing the permissive joinder of defendants, supports this conclusion.[2] When a plaintiff seeks to join an additional defendant after the original defendant has answered, the plaintiff must seek leave of court to amend the petition under Iowa Rule of Civil Procedure 88.[3] *See West v. Hawker*, 237 N.W.2d 802, 806 (Iowa 1976). In *West*, we held that rules 24 and 88 must be read together so that defendants who have answered will have an opportunity "to object to amendments made which might affect their preparation for trial." *Id.* We observed that even an amendment adding parties might "affect such matters as decisions regarding cross-petitions or cross-claims, the scheduling of trial, and trial strategy." *Id.*

■ This rationale is equally applicable to rule 23 governing the joinder of plaintiffs. Thus, rule 23 and rule 88 must also be read together to require a plaintiff seeking to join a new plaintiff, after the defendant has answered, to obtain leave of court or the consent of the defendant. In this way, the affected defendant will have the opportunity to object. Clearly, this procedure is not available to a nonparty because rule 88, allowing the filing of amendments, applies only to a "party." *See* Iowa R.Civ.P. 88.

2. Rule 24 states:

> Any number of defendants may be joined in one action which asserts against them, jointly, severally, or in the alternative, any right to relief in respect of, or arising out of the same transaction, occurrence, or series of transactions or occurrences, when any question of law or fact common to all of them is presented or involved.

3. Rule 88 states:

The prohibition of unilateral joinder by nonparties is consistent with the general rule that

> [p]ersons who are not parties of record to a suit have no standing therein which will enable them to take part in or control the proceedings. If they have occasion to ask [for] relief in relation to the matters involved, *they must either contrive to obtain the status of parties in the suit or they must institute an independent suit.*

59 Am.Jur.2d *Parties* § 8, at 388 (1987) (emphasis added). Our rules provide for both options.

Under Iowa Rule of Civil Procedure 75 a nonparty may obtain the status of a party through the process of intervention:

> Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both.

Rule 76 requires that the person seeking to intervene must file a petition and have copies of it served by the clerk on each party against whom the intervenor asserts a right. The party served then has seven days to move or plead to the petition of intervention. *See* Iowa R.Civ.P. 76. These rules plainly govern the procedure for the inclusion of a nonparty in a pending lawsuit. *See Black's Law Dictionary* 820 (defining intervention as "[t]he procedure by which a third person, not originally a party to the suit, but claiming an interest in the subject matter, comes into the case,

> A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within twenty days after it is served. *Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party*.... (Emphasis added.)

in order to protect his right or interpose his claim"). In addition to intervention, an individual has the option of instituting an independent lawsuit and then consolidating it with another action:

> Unless some party shows he will be prejudiced thereby the court may consolidate separate actions which involve common questions of law or fact or order a single trial of any or all issues therein. In such cases it may make such orders concerning the proceedings as tend to avoid unnecessary cost or delay.

Iowa R.Civ.P. 185. To allow a nonparty to join a lawsuit at any time without leave of court or permission of the parties would result in chaos and deprive the court of its ability to ensure the orderly processing of cases. Moreover, such a procedure would completely circumvent our rules governing intervention and consolidation and would be inconsistent with our interpretation of rule 23.

■ In summary, the rules governing permissive joinder are not available to nonparties. The district court was correct in so ruling. We turn now to a consideration of the proper remedy.

## IV. *Appropriateness of Dismissal.*

A. *Joinder rules.* Neill claims on appeal that dismissal is not a proper remedy for misjoinder under Iowa Rule of Civil Procedure 27(a). Rule 27 sets forth in separate divisions the remedies for misjoinder of parties, subsection (a), and misjoinder of actions, subsection (b). The division pertinent to the present case is subsection (a):

> (a) **Parties.** Misjoinder of parties is no ground for dismissal of the action, but parties may be dropped by order of the court on its own motion or that of any party at any stage of the action, on such terms as are just, or any claim against a party improperly joined may be severed and proceeded with separately.

Iowa R.Civ.P. 27(a). Initially, this rule prohibits one possible remedy for misjoinder—dismissal *of the action.* The rule then identifies two permissible avenues of relief for misjoinder: (1) dropping a *party* (presumably the misjoined party) upon such terms as are just; or (2) severing the claim against the *misjoined party.*

We first observe that although the district court dismissed Neill's joinder, it did not dismiss the entire action. Therefore, assuming for the moment that rule 27(a) applies here, the court's order did not violate the rule's prohibition against dismissal of the action.

That brings us to an analysis of the allowable remedies: dropping the misjoined *party* or severing the claim against the misjoined *party.* It seems to us neither option applies here, where the failed joinder involves an interloper, not a party. The first possible remedy is not applicable here because Neill is not and never was a *party* to the Swift action. Therefore, the option of dropping Neill from the lawsuit "on such terms as are just" is not available. Although Neill argues that rule 27(a) requires that his claim be severed, the rule only provides for the severance of claims *against a misjoined party.* Neill's claim is not against a misjoined party; Western Inns, the party against whom Neill's claim is made, was not improperly joined. This analysis of rule 27(a) merely proves our earlier conclusion—that the joinder rules do not contemplate a unilateral joinder by a nonparty.

■ In summary, rule 27(a) does not address the appropriate relief for the filing of a joinder by a nonparty. Therefore, we turn to the principles governing motions to dismiss in general.

■ B. *Dismissal rules.* A motion to dismiss is directed to the pleadings. *See Dyer,* 533 N.W.2d at 223. At issue is a plaintiff's right of access to the district court, not the merits of the plaintiff's claim. *See Magers–Fionof v. State,* 555 N.W.2d 672, 674 (Iowa 1996). According-

ly, a decision to sustain a motion to dismiss must rest on legal grounds. *See Dyer,* 533 N.W.2d at 222.

We have already determined that the district court properly ruled that Neill had no right to unilaterally join the present action. His pleading, to the extent it is considered a joinder, was improper, legally insufficient, and a nullity. Nevertheless, the designation given a pleading is not determinative; rather, the content of the pleading identifies its essential character. *See Kelly v. Nix,* 329 N.W.2d 287, 290 (Iowa 1983); *Schulte v. Mauer,* 219 N.W.2d 496, 502 (Iowa 1974). An examination of Neill's so-called joinder reveals that it is in all particulars a petition. It sets forth in separately numbered divisions three claims against Western Inns, including requests for compensatory and punitive damages. We think that before the district court dismissed Neill's joinder, it should have considered the legal sufficiency of this pleading as a petition. *Cf. Iowa Dep't of Transp. v. Iowa Dist. Ct.,* 534 N.W.2d 457, 459 (Iowa 1995) (holding that where defendant erroneously filed a request for declaratory relief in criminal action rather than filing an independent action for judicial review, we would evaluate sufficiency of pleading as a petition for judicial review). Such an analysis is consistent with Iowa Rule of Civil Procedure 67, which requires that the sufficiency of all pleadings "be determined by these rules, construed and enforced to secure a just, speedy and inexpensive determination of all controversies on their merits."

### V. *Disposition.*

We hold that the court erred in dismissing Neill's pleading without evaluating its adequacy as a petition. Therefore, we reverse and remand to the district court to reconsider Western Inns' motion to dismiss from this perspective.[4] If the court decides that Neill's pleading is legally in-

sufficient as a petition, then Neill's claims against Western Inns must be dismissed. On the other hand, if the court determines that Neill's "petition" does not suffer from a legal insufficiency (other than Neill's misguided attempt to effect a joinder), the court should instruct the clerk to separately docket Neill's action upon Neill's payment of the required filing fee.

**REVERSED AND REMANDED.**

---

4. It appears the only remaining portions of Western Inns' motion to dismiss relevant to this analysis are its contentions that (1) the document filed by Neill was insufficient under rule 48, and (2) Neill's delay in service was abusive.