# IN THE COURT OF APPEALS OF IOWA

No. 23-1622
Filed February 5, 2025


**JOSEPH COY,**
Plaintiff/Counterclaim Defendant-Appellee,

**vs.**

**SUSAN SCHOOLER and SCHOOLER MEDICAL PROFESSIONALS, P.C.,**
Defendants/Counterclaim Plaintiffs-Appellants.
_____


Appeal from the Iowa District Court for Dallas County, Patrick W. Greenwood, Judge.


An employer appeals an order dismissing her counterclaims for breach of fiduciary duty, breach of contract, conversion, and unjust enrichment against a former employee. **REVERSED AND REMANDED WITH DIRECTIONS.**


Matthew G. Sease and Delaney Kozlowski of Sease & Wadding, Des Moines, for appellants.

Joseph Coy, West Des Moines, self-represented appellee.


Considered by Tabor, C.J., Ahlers, J., and Bower, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TABOR, Chief Judge.**

Parties must object to misjoined actions. And they must do so by a timely motion to sever the claims. In this case, Joseph Coy waited too long to challenge the misjoinder of his former employer's counterclaims to his replevin action. And the district court mistakenly dismissed those counterclaims. Thus, we reverse the dismissal and remand for further proceedings.

## I. Facts and Prior Proceedings

Coy worked as the business manager for Schooler Medical Professionals, P.C., supervised by Susan Schooler. Schooler fired him in January 2022 after he allegedly misused corporate funds. After his firing, Coy filed a small claims replevin action against Schooler. In that action, he claimed that Schooler retained two cell phones that he owned, causing him $500 in damages.

In response, Schooler filed both an answer to the replevin action and a four-count counterclaim, alleging breach of fiduciary duty, breach of contract, conversion, and unjust enrichment. Schooler also moved to transfer the case to district court because those counterclaims alleged damages beyond the jurisdictional amounts for small claims court. The magistrate ordered the case transferred in February 2022.[1]

Almost five months later, in July 2022, the district court set the combined matters for a non-jury trial on September 26, 2023. In its order setting trial, the court required that all dispositive motions be filed no less than ninety days before trial. In other words, the deadline was June 28, 2023. Yet not until the pretrial

---

[1] Schooler then changed attorneys.

conference on September 14 did Coy—who represented himself—orally move to dismiss the counterclaims under Iowa Code section 643.2 (2023).

Through new counsel, Schooler objected on two grounds. First, counsel urged that Coy's oral motion was untimely. Second, citing Iowa Rule of Civil Procedure 1.236(2), counsel argued that dismissal of Schooler's counterclaims was not the proper remedy.[2] Counsel argued: "[T]he Court should order that our cause get docketed separately and that all of the deadlines that have been previously set remain in place under this originally filed case that's set for trial on the 26th."

But the district court sided with Coy and transferred his replevin case to small claims court. And it dismissed the counterclaims without prejudice to refiling. The court reasoned that the counterclaims "should never have been permitted to be joined. They're not of the same kind of replevin, and it wasn't permitted by the code. It was, in essence, void when it happened."[3]

Schooler appeals.[4]

---

[2] Schooler's counsel described the prejudice his client would suffer from dismissal, even without prejudice to refile:

> My concern with requiring Ms. Schooler to refile this action is that Mr. Coy has not engaged in any discovery whatsoever in this case, and he has not filed any pretrial exhibits or witness list in this case that's set for trial [in twelve days], which is in violation of the rules as well. And allowing Mr. Coy to have a second bite of the apple as to all new discovery and depositions or the like can seriously disadvantage Ms. Schooler after we have engaged in at least written discovery.

[3] The court was critical of Schooler's prior counsel: "frankly, [counsel] should have known better and [Schooler] shouldn't be permitted to benefit by that by now prohibiting Mr. Coy from having any opportunity at discovery in that particular case."

[4] After asking for jurisdictional statements from the parties, our supreme court ruled that the dismissal was an appealable final order. After that order, Schooler filed

## II.     Scope and Standard of Review

We review the district court's interpretation of the joinder rules for the correction of legal error. *Neill v. Western Inns, Inc.*, 595 N.W.2d 121, 123 (Iowa 1999). The same standard applies to the dismissal order. *Id.*

## III.     Analysis

From the top, Schooler recognizes that a replevin action may not be joined with other claims for recovery. *See* Iowa Code § 643.2 ("[T]here shall be no joinder of any cause of action not of the same kind, nor shall there be allowed any counterclaim."). But she disputes the implications of misjoinder. She notes that "misjoinder is not jurisdictional." *Capitol City Drywall Corp. v. C. G. Smith Const. Co.*, 270 N.W.2d 608, 611 (Iowa 1978). So, in her view, Coy waived the right to complain when he did not attack the misjoinder in a timely motion. *See id.*; *see also Royce v. Hoening*, 423 N.W.2d 198, 202 n.1 (Iowa 1988).

And beyond asserting Coy's waiver, Schooler submits that dismissal of her counterclaims was improper. *See Roush v. Mahaska State Bank*, 605 N.W.2d 6, 10 (Iowa 2000) (holding that, though replevin claim cannot be joined with another cause of action, the court wrongly dismissed the suit). Instead, under Iowa Rule of Civil Procedure 1.236(2), the remedy for misjoinder of actions is to "either order the causes docketed separately or strike those causes which should be stricken, always retaining at least one cause docketed in the original case." Schooler contends that in striking her counterclaims, the district court violated rule 1.236(2) because it did not retain at least one cause docketed in the original case. She

---

an appellant's brief. But Coy did not file an appellee's brief. *See* Iowa R. App. P. 6.903(3).

explains, "[w]hen this case was removed to district court in February 2022, a new docket was created and was based solely on Schoolers' claims—not Coy's claims." Schooler asserts that remanding Coy's replevin action to small claims court may have been "an appropriate response to a misjoinder." But she maintains that once the court severed the two actions, her counterclaims could have proceeded to trial.

Finally, Schooler suggests that the district court "gave preferential treatment to Coy" because he was self-represented. *See Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991) ("If lay persons choose to proceed pro se, they do so at their own risk."). Schooler emphasizes that Coy, though without counsel, had over a year to complete any discovery that he desired. Schooler contends that the district court "appeared to penalize" her for "prior counsel filing unobjected to counterclaims."

Starting where Schooler finished, we need not decide whether the district court used a more deferential standard for Coy because he chose to represent himself. By whatever standard, the court wrongly dismissed Schooler's counterclaims.

In essence, the court mistook the prohibition on joinder in section 643.2 for a jurisdictional bar. Parties can raise a lack of subject matter jurisdiction at any time. *Klinge v. Bentien*, 725 N.W.2d 13, 16 (Iowa 2006). By contrast, parties challenging misjoinder must make timely motions. *See Ranch v. Boyl*, No. 07-1890, 2008 WL 4877465, at *2 (Iowa Ct. App. Nov. 13, 2008) (finding defendants waived claim of misjoinder by not seeking separate docketing or striking of actions in magistrate court). Coy did not do so. His replevin action was transferred to

district court in February 2022. He answered the counterclaims and participated in discovery in the summer of 2022. The order setting trial—more than one year out—set a deadline of June 28, 2023, for dispositive motions. But Coy did not move to sever the cases until the final pretrial conference, twelve days before trial. That motion was untimely. So Coy waived his right to complain. *See Capitol City Drywall Corp.*, 270 N.W.2d at 611.

But the district court overlooked Coy's delay, concluding that the joinder was "void when it happened." That conclusion was incorrect. The misjoinder was subject to correction, but it was not void from the beginning. *See* Bryan A. Garner, *Garner's Dictionary of Legal Usage* 932 (3d ed. 2011) (defining "void ab initio" as "that which is void in the beginning cannot be cured by waiver, acquiescence or lapse of time" (quoting Eugene A. Jones, *Manual of Equity Pleading and Practice* 50–51 (1916))). A district court may adjudicate misjoined actions in a single proceeding by agreement of the parties or the failure to timely object. *Roush*, 605 N.W.2d at 10. The court erred in granting Coy's untimely objection to the misjoinder of the actions.

What's more, even if Coy's motion to sever had been timely, the court picked the wrong remedy. Schooler's counterclaims were not subject to dismissal for misjoinder. *See id.* Thus, after remanding Coy's replevin claim to small claims court, the district court should have held trial on Schooler's claims of breach of fiduciary duty, breach of contract, conversion, and unjust enrichment. Because of

that misstep, we reverse the dismissal order and remand for further proceedings.[5]

Schooler asks that this matter proceed to trial without reopening discovery or other

pretrial deadlines. But we leave those details to the district court to decide.

**REVERSED AND REMANDED WITH DIRECTIONS.**

---

[5] Because Schooler agreed to the severance of the replevin action at the pretrial conference and doesn't challenge the remand of that action to small claims court on appeal, we do not reverse that portion of the district court order.