John JONTZ, Appellant,

v.

William P. MAHEDY, Appellee.

No. 63404.

Supreme Court of Iowa.

May 21, 1980.

As Corrected June 6, 1980.

Joseph L. Marks, of Marks, Marks & Marks, Urbandale, for appellant.

Thomas J. Miller, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

HARRIS, Justice.

This is a personal tort suit against Mahedy, a judicial magistrate, on the claim of willful and malicious oppression under color of his office. The plaintiff appeals from a ruling of the trial court sustaining Mahedy's special appearance. We reverse the trial court and remand.

In passing on a special appearance a trial court, and we on review, accept the

allegations of plaintiff's petition as true. *Douglas Mach. & Eng. v. Hyflow Blanking Press*, 229 N.W.2d 784, 787–88 (Iowa 1975). Under this rule we are bound to assume that, as plaintiff alleges, both he and defendant belong to an organization described as "Alano Society, Inc.," of Des Moines. Defendant wrongfully procured a preliminary information accusing plaintiff of criminal trespass on the society's premises. Defendant then issued a bench warrant, had plaintiff arraigned before him rather than before any other magistrate, wrongfully set the terms of plaintiff's bond, and, upon plaintiff's inability to post that bond, stipulated as a condition for release that plaintiff not return to the society's premises. Plaintiff successfully defended the criminal trespass charge. But, because of the provisions of pretrial release, he was, during that period of time, prevented from attending meetings of Alcoholics Anonymous held at the society's property.

Because this appeal involves only the review of a ruling on a special appearance we have no occasion to evaluate plaintiff's theory of recovery. Obviously plaintiff faces a question of judicial immunity:

> Few doctrines have been more settled than the absolute immunity of judges from damages for acts committed within their judicial jurisdiction. This immunity applies even when the judge is accused of acting maliciously and corruptly because as a matter of policy it is in the public best interest that judges should exercise their function without fear of consequences and with independence. [Authorities.]

*Blanton v. Barrick*, 258 N.W.2d 306, 308 (Iowa 1977).

But the plaintiff's theory is based on section 740.3, The Code 1977 (repealed, Acts, 66th G.A., ch. 1245(4), § 525):

> If any judge or other officer, by color of his office, willfully and maliciously oppress any person under pretense of acting in his official capacity, he shall be fined not exceeding one thousand dollars, and imprisoned in the county jail not more than one year, and be liable to the injured

party for any damage sustained by him in consequence thereof.

Defendant's special appearance disputed the court's subject-matter jurisdiction on two grounds. First, it is claimed plaintiff failed to exhaust the administrative remedies prescribed by the state tort claims act, chapter 25A, The Code 1979. The second ground for the special appearance is addressed to claimed deficiencies in the service and contents of the original notice. Before the special appearance was ruled upon, defendant was served with a second original notice.

The trial court sustained the special appearance on both grounds.

■ I. Claims against the state and its agencies must be brought under chapter 25A, The Code 1979. § 25A.16, The Code. This means the procedures prescribed in the act must be exhausted before an Iowa court has jurisdiction over the claim. *Charles Gabus Ford v. Iowa St. Highway Com'n*, 224 N.W.2d 639, 648 (Iowa 1974). The same exhaustion requirement applies where private suit is sought against a state employee in those claims which arise from conduct of the employee when acting within the scope of public employment. § 25A.5, The Code; *see Jones v. Bowers*, 256 N.W.2d 233, 234 (Iowa 1977).

The plaintiff here did not exhaust the chapter 25A remedy before bringing this suit. The question then becomes whether willful and wanton conduct on the part of the magistrate falls within or without the provisions of chapter 25A. We seem never to have ruled on the question. The Iowa Court of Appeals, however, has:

> We conclude, however, from the plain language of section 25A.2(5)(b), that the definition of "claim" does not include willful and wanton conduct . . . . . .
>
> .        .        .        .        .
>
> We find that the Appeals Board has primary or exclusive jurisdiction, which would require a plaintiff to exhaust his or her administrative remedy under chapter 25A, only in those actions [which] could result in the state's liability through the

duty to indemnify its employee on a claim. This duty does not extend to actions based on willful and wanton conduct.

*Gartin v. Jefferson County*, 281 N.W.2d 25, 27, 28 (Iowa App.1979).

The defendant urges us to disavow the court of appeals' holding in *Gartin*. The gist of his argument, as we understand it, proceeds from the existence in chapter 25A of two definitions of claims against state employees. Section 25A.2(5)(b) was adopted by Acts, 66th G.A., ch. 80, § 2. It provides:

Any claim against an employee of the state for money only, on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission, except an act of malfeasance in office or willful and wanton conduct, of any employee of the state while acting within the scope of his office or employment.

Section 25A.21 was adopted by Acts, 67th G.A., ch. 45, § 1. It provides:

The state shall defend and, except in cases of malfeasance in office or willful and wanton conduct, shall indemnify and hold harmless any employee of the state against any claim as defined in section 25A.2, subsection 5, paragraph "b", including claims arising under the Constitution, statutes, or rules of the United States or of any state.

Defendant argues:

The position of the Court of Appeals in *Gartin* is faulty because its construction of Ch. 25A creates redundancy in the language of a statute . . . .

Since there is a presumption against redundant words, *see Hanover Ins. Co. v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978), § 25A.21 must be construed to modify by implication the definition of "claim" in § 25A.2(5)(b) to include allegations of willful or wanton conduct within its scope. In that way, there is no redundancy.

Defendant argues that, under *Gartin*, the state is prohibited, not only from indemnifying an employee who is engaged in willful and wanton conduct, but likewise from defending him from such a claim. The court of appeals rightly denied in *Gartin*, 281 N.W.2d at 28, that the state's duty to defend its employees, arises in only those cases in which it has a duty to indemnify.

We believe the defendant overreads our holding in *Hanover Ins. Co.* In that case, relying mainly on *Hartz v. Truckenmiller*, 228 Iowa 819, 824, 293 N.W. 568, 571 (1940), we said:

We do not presume the legislature intended that words in a statute should be given a redundant and useless meaning. [Authorities.] We endeavor to construe statutes so that no part is rendered superfluous, and should give effect to every provision of the statute. [Authority.]

This holding does not suggest that the legislature amended the earlier definition by including a similar definition in the later provision. It is more likely that the legislature, when expanding tort liability in claims against public employees, wished to reemphasize the limitations of state liability. It is not unlikely that the practical realities of the legislative process required that these limitations again be delineated in order to assure passage.

■ We subscribe to the language, above quoted, from the court of appeals opinion in *Gartin*. The claims made against Mahedy are not those for which he can be held harmless by the state under chapter 25A. This is not to say, as the defendant argues, that the state is prohibited from defending all tort suits for which it would not be ultimately liable. On the contrary, the legislature took pains in section 25A.21 to distinguish the claims the state was required only to defend from the claims in which it was also to hold employees harmless. The first category is obviously larger. It includes, in addition to those claims defined in section 25A.2(5)(b), the obligation to defend the state employee in suits, such as the present one, in which it is claimed the employee acted under color of employment but exceeded its scope.

We note that the legislature suggested no requirement for exhaustion under chapter 25A or for notice to the state in those suits it was to defend but which otherwise fell outside the chapter. There is logic in omitting such a requirement. In suits where the state's only obligation is to defend the employee, the obligation need only arise when the employee informs the justice department and asks for representation in the suit. In some cases the employee may wish to provide private counsel. The situation is vastly different from one in which the state may become ultimately liable.

Although defendant disagrees, we believe our conclusion is strongly supported by what we perceive to be a closely analogous rule for municipal employees under chapter 613A, The Code. In *Roberts v. Timmins*, 281 N.W.2d 20, 23–24 (Iowa 1979), and again in *Franks v. Kohl*, 286 N.W.2d 663, 668 (Iowa 1979), we held that a tort plaintiff may ignore any claim against a municipality and proceed with a private suit against a municipal employee when it is alleged the tortious act was outside the scope of municipal employment. When suit is thus brought against the employee individually the notice requirements of section 613A.5, The Code, need not be satisfied. We can see no sound reason for a different rule for state employees than the rule we have established for municipal employees.

■ The first ground of the special appearance was without merit and the trial court erred in sustaining it.

■ II. We also disagree with the trial court on the other ground for the special appearance. We think the form of the original notice was in substantial compliance with Iowa R.Civ.P. 49(a) and 381 (Appx. form 1). Two notices were served. We need consider only the second which, though more complete than the first, is also challenged as fatally defective. We ignore the first original notice notwithstanding Mahedy's insistence that, because it was the basis for the trial court ruling, it alone should be construed. The second original notice was also served prior to the time the trial court ruled. There is nothing in our practice which prohibits the serving of successive original notices when one is challenged. We view the jurisdictional question on the basis of the record at the time the trial court ruled.

Since 1975, when we amended our process rules, those challenging the form of original notice have faced a different adversary. The court itself, through the clerk, superintends process. It is the court's efforts that are being questioned. We have repeated our intention to strip away any advantage that may have existed in the former practice of searching for flaws in original notices. *Holmes v. Polk City Sav. Bank*, 278 N.W.2d 32, 34 (Iowa 1979); *Patten v. City of Waterloo*, 260 N.W.2d 840, 842 (Iowa 1977). Under current practice any defendant who is given a notice which actually is sufficient to apprise of those matters described in the rules, and who is not prejudiced by any technical flaws in the form of notice, has nothing to gain and much to lose by challenging it. The question in considering flaws or technical defects in form is whether the defendant has been misled. *Burg v. Bryant*, 264 N.W.2d 750, 751 (Iowa 1978); *West v. Hawker*, 237 N.W.2d 802, 805 (Iowa 1976).

The second original notice here was in the form then prescribed. The later amendment to rule 381 (Appx. form 1) was not effective until July 1, 1979, more than four months later. The trial court erred in sustaining the special appearance on the second ground.

As it was error to sustain the special appearance on either ground the judgment of the trial court is reversed and the case remanded.

REVERSED AND REMANDED.