Douglas K. LINDAMAN,
Plaintiff–Appellant,

v.

Christopher BODE, Alan Bode, Patricia Bode, Virginia Barchman, Scott Barr, and Richard Barr, Defendants,

and

Dale R. Hoeft, Jane Hoeft, William Basler, State of Iowa, Bryan McKinley, Ronald Noah, and Floyd County, Defendants–Appellees.

No. 90–1148.

Court of Appeals of Iowa.

Sept. 24, 1991.

Douglas K. Lindaman, pro se.

Karl J. Horn, Charles City, for appellees Hoeft.

Peter J. Gartelos, Waterloo, for appellees Noah and Floyd County.

Jerry H. Folkers, Osage, for appellee McKinley.

Thomas J. Miller, Atty. Gen., and Craig Kelinson, Sp. Asst. Atty. Gen., for appellees Basler and State.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Attorney Douglas Lindaman was convicted of two counts of lascivious acts with a child. As a result of his conviction he was disbarred and is currently serving a sentence in the Mount Pleasant Correctional Facility.

Lindaman asserts that while the criminal case against him was still under investigation, one of the victims, Christopher Bode, sought to obtain evidence against Lindaman by breaking into Lindaman's home, which also served as his law office. Lindaman asserts that Bode was encouraged in his break-in by his parents and other adult friends. He also asserts that various pros-

ecutors and DCI agents learned of the break-in after it had occurred but intentionally concealed knowledge of the break-in from Lindaman and from the criminal court.

Lindaman filed the present pro se tort petition against thirteen defendants, including (1) Bode and his parents; (2) friends of Bode; (3) a county attorney, an assistant county attorney, and their employer, the County; (4) an assistant attorney general who acted as a special prosecutor; and (5) a DCI agent and his employer, the State. Lindaman alleged various tort theories against these defendants.

Nine defendants filed motions to dismiss. Two defendants filed motions for summary judgment. The district court sustained the motions filed by the DCI agent, the State, the county attorney, the assistant county attorney, the County, and the Hoefts. The other motions were overruled.

Lindaman has appealed, pro se, from the district court order dismissing his claims against the above noted defendants. Lindaman contends the district court erred in holding that the Hoefts owed him no duty to disclose their knowledge of the alleged break-in. Lindaman also contends the district court erred in dismissing the claim against the DCI agent and the State on the ground Lindaman had failed to exhaust his administrative remedies as required under the Iowa Tort Claims Act, Iowa Code chapter 25A. Finally, Lindaman contends the district court erred in holding (1) that the acts and omissions of the county attorney and the assistant county attorney were protected by the doctrine of prosecutorial immunity, and in addition, (2) that Lindaman's petition failed to state a claim against the county attorney, the assistant county attorney, or their employer, the County.

I. *Motions to Dismiss.* A motion to dismiss is sustainable only when it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts provable under the allegations. *Curtis v. Board of Supervisors,* 270 N.W.2d 447, 448 (Iowa 1978). The motion to dismiss admits the allegations and waives any ambiguity or uncertainty in the pleading. *Id.* The allegations are construed in the light most favorable to the pleader, and doubts are resolved in the pleader's favor. *Id.* (citing *Weber v. Madison,* 251 N.W.2d 523, 525 (Iowa 1977)).

A. *Dale and Jane Hoeft.* Lindaman's petition against the Hoefts asserts the Hoefts knew of the break-in at Lindaman's home, agreed not to disclose their knowledge of the break-in, and attempted to use a restraining order to prevent him from discovering their knowledge of the break-in.

■ 1. *Negligence.* The trial court found that, to the extent the claim is based on negligence, Lindaman had failed to plead any special relationship or any fact which would give rise to a duty on the part of the Hoefts to disclose their knowledge to Lindaman.

The Iowa courts place weight upon the Restatement (Second) of Torts when determining whether a duty is owed and, if so, what the extent of that duty is. *See, e.g., Shaw v. Soo Line R. Co.,* 463 N.W.2d 51, 55 (Iowa 1990). Concerning one's duty to act for the protection of another, the Restatement (Second) of Torts section 314 (1965) provides "[t]he fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." On the other hand, the existence of a special relationship may give rise to a duty on the part of one to aid or protect the other. *See* Restatement (Second) of Torts § 314A (1965).

Lindaman pleads no such special relationship existing between him and the Hoefts. Therefore, in the absence of a recognized duty on the part of the Hoefts, there can be no actionable negligence. *Shaw,* 463 N.W.2d at 53.

2. *Abuse of Process.* The trial court found that Lindaman's petition failed to adequately plead the intentional tort of abuse of process.

■ The elements of abuse of process are (1) the use of a legal process, and (2) its use in an improper or unauthorized man-

ner. *See, e.g., Reed v. Linn County,* 425 N.W.2d 684 (Iowa App.1988). Iowa has adopted the language of the Restatement (Second) of Torts section 682. *See Schmidt v. Wilkinson,* 340 N.W.2d 282, 284 (Iowa 1983). That section provides "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." Restatement (Second) of Torts § 682 (1965).

In his petition, Lindaman alleges the Hoefts used the legal process to refrain from disclosing information which they had no obligation to otherwise disclose. The trial court found that no state of facts provable under this allegation could constitute an abuse of process. We agree and affirm the trial court in sustaining the Hoeft's motion to dismiss.

B. *William Basler and State of Iowa.* Generally, Lindaman's petition concerns the alleged break-in of his home/office by Christopher Bode and another individual. Basler's alleged involvement consists of being informed of the break-in in his official capacity as an investigative agent; interviewing a witness/participant to the break-in; discussing the break-in with a prosecutor; giving false testimony concerning his knowledge of the break-in during the course of a deposition; and counseling the Bode family to refrain from disclosing their knowledge of the break-in.

■ *Exhaustion of Administrative Remedies.* The district court dismissed Lindaman's claim against Basler and the State of Iowa finding the petition failed to allege exhaustion of remedies under Iowa Code chapter 25A, the Iowa State Tort Claims Act. Lindaman's failure to exhaust his administrative remedies deprives the court of jurisdiction over any claim as defined in the Act, including a claim against a state employee individually. *Brumage v. Woodsmall,* 444 N.W.2d 68, 69–70 (Iowa 1989); *Feltes v. State,* 385 N.W.2d 544, 547 (Iowa 1986); *Jontz v. Mahedy,* 293 N.W.2d 1, 2 (Iowa 1980).

Lindaman has sued Basler in his capacity as a state agent for the Bureau of Criminal Investigation. Lindaman's petition states that Basler "at all time material to this action was an Agent of the D.C.I. investigating a criminal allegation...." Lindaman does not assert in his petition that Basler acted beyond the scope of his employment or that his acts were committed outside his official capacity.

Under Iowa Code chapter 25A, a tort claim against a state employee for acts within the scope of his or her employment must first be presented for administrative review. *Swanger v. State,* 445 N.W.2d 344, 346 (Iowa 1989). Until administrative review has been exhausted, no action at law may be brought. Iowa Code § 25A.5 (1991).

Prior to 1984, Iowa Code section 25A.2(5)(b) defined a claim as

Any claim against an employee of the state for money only ... caused by the negligent or wrongful act or omission, *except an act of malfeasance in office or willful and wanton conduct,* of an employee of the state while acting within the scope of his office or employment.

Therefore, an action against a state employee based on willful and wanton conduct fell outside the provisions of the Iowa Tort Claims Act, and no exhaustion requirement was necessary. *See Jontz,* 293 N.W.2d at 2–4. However, in 1984 the definition of claim in section 25A.2(5)(b) was amended by striking the words "except an act of malfeasance in office or willful and wanton conduct", thus bringing such assertions within the definition of a claim. *See* 1984 Iowa Acts, ch. 1259, § 1. Section 25A.2(3)(b) now defines a claim to mean:

Any claim against an employee of the State for money only ... caused by the negligent or wrongful act or omission of any employee of the state while acting within the scope of the employee's office or employment.

The state is required to defend any employee against any such claim in which it is asserted that the employee acted in the line of duty as an employee of the state. Iowa Code § 25A.21 (1991). The state is also required to indemnify the employee unless

it is shown in a separate proceeding that the conduct of the employee was willful and wanton. *Id.* Therefore, any action for damages against a state employee for any wrongful act occuring in the employee's line of duty is covered under the Act.

On appeal, Lindaman asserts that the Iowa State Tort Claims Act does not apply because (1) Basler acted outside his official duties; (2) section 25A.14(4) makes the Act inapplicable to certain claims, including any claim arising out of malicious prosecution, misrepresentation, or deceit; and (3) in failing to file an administrative claim, Lindaman relied on a state-issued tort claim form using the outdated definition of claim.

Lindaman's first contention, that his petition states that Basler acted outside his official duties, is without merit. All the acts alleged to have been committed by Basler fall well within Basler's scope of employment. Basler's scope of employment as an agent of the D.C.I. encompasses his alleged discussions with witnesses and testimony on deposition. In his petition, Lindaman states that "at all time material to this action [Basler] was an Agent of the D.C.I. investigating a criminal allegation brought by Christopher Bode and his Family." Furthermore, the petition states that the information relating to the alleged break-in of his home "was given to Agent Basler in his official capacity as an investigative agent shortly after the entry into Doug Lindaman's home based upon information supplied b[y] the Bode Family."

Lindaman's next contention is also without merit. He argues the acts which he has alleged to have been committed by Basler fall under one or more of three claims excepted by the Iowa State Tort Claims Act. He argues that section 25A.14(4) of the Act makes the Act inapplicable to any claim arising out of malicious prosecution, misrepresentation, or deceit.

His petition cannot be read to state a claim of malicious prosecution, misrepresentation, or deceit. Lindaman argues that his petition states several claims against Basler. These include perjury, tampering with prospective witnesses, obstruction of

justice, and "conspiracy to aid and coverup the breakin by Chris Bode to my home." Of these, Lindaman asserts that two, perjury and witness tampering, fall within the exception. We disagree. Nevertheless, Lindaman fails on appeal to cite any authority for this proposition. We consider this argument to be waived. Iowa R.App.P. 14(a)(3).

Finally, Lindaman argues, for the first time on appeal, that he relied on the definition of claim contained in a tort claim form distributed by the State Appeal Board. He alleges the tort claim form contained an outdated definition of claim under the Act. He asserts: "The State, nor state employee Basler should be able to profit from a misleading form."

We find this issue was raised for the first time in Lindaman's appellate brief. We consider issues not raised at the trial court level to be waived. *State ex rel. Iowa Department of Human Services v. Duckert,* 465 N.W.2d 871, 873 (Iowa 1991). We affirm the trial court in sustaining the motion to dismiss filed by William Basler and the State of Iowa.

C. *Brian McKinley.* The trial court dismissed Lindaman's petition against McKinley for failure to state a claim upon which relief may be granted. Lindaman's petition does not identify McKinley as a county prosecutor, or sue him in his official capacity. Lindaman only asserts, in his petition, that McKinley is an attorney and that McKinley refused to investigate the acts of Barchman, Basler and Christopher Bode, as requested by Lindaman.

In addressing a motion to dismiss, facts outside the pleadings should not be considered. *Troester v. Sisters of Mercy Health Corp.,* 328 N.W.2d 308, 311 (Iowa 1982). Because McKinley has been sued only in his capacity as an attorney, Lindaman has failed to state a claim upon which relief may be granted. As an attorney, McKinley has no duty to investigate the alleged misconduct of others. Neither does McKinley owe Lindaman any special duty simply because McKinley's is an attorney.

In his resistance, Lindaman states that McKinley "acted in a fiduciary capacity as attorney to this plaintiff over this break-in." This statement is ambiguous. It is not clear whether Lindaman is arguing that merely because McKinley is an attorney, he acts as a fiduciary to all persons he has contact with, or whether Lindaman is arguing that the fiduciary duty arose from an actual attorney-client relationship between Lindaman and McKinley. However, Lindaman has apparently abandoned this argument on appeal. He makes no coherent argument nor cites any authority for such a position on appeal. We consider arguments not raised on appeal to be waived. Iowa R.App.P. 14(a)(3).

Lindaman argues on appeal that his petition states a claim of conspiracy against McKinley. In his petition, Lindaman asserts that McKinley and other defendants "have intentional and with malice attempted to thwart the discovery of this breakin to my home, by a wanton & reckless disregard for the plaintiff." McKinley's part in this conspiracy, he asserts, consists of McKinley's failure "to investigate the criminal and professional malfeasance" of others.

 A conspiracy itself is not actionable. *Basic Chemicals, Inc. v. Benson*, 251 N.W.2d 220, 233 (Iowa 1977). Rather, in order for liability to attach, there must be an act causing injury, which is actionable, undertaken in furtherance of the conspiracy. *Id.* As we have stated above, McKinley's refusal to investigate is not actionable. Similarly, while Lindaman alleges in his petition that McKinley committed "perjury, obstruction of justice, tampering with witnesses; [and] interference with official acts," these are not allegations of fact; they are conclusions of law. Therefore, the petition alleges no actionable conduct underlying Lindaman's conspiracy claim against McKinley.

While Lindaman argues that his petition states a claim under 42 U.S.C. section 1985(3), no allegations can be found in his petition against McKinley that, if proved, would establish such a claim. After construing the allegations in Lindaman's petition against Bryan McKinley in the light most favorable to Lindaman, we find, as did the trial court, that Lindaman has failed to state a claim upon which relief may be granted. We affirm the trial court in sustaining Bryan McKinley's motion to dismiss.

II. *Motions for Summary Judgment.* In reviewing a grant of summary judgment under Iowa Rule of Civil Procedure 237(c), the question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. *Suss v. Schammel*, 375 N.W.2d 252, 254 (Iowa 1985). The party resisting a motion for summary judgment must set forth specific facts showing there is a genuine issue for trial. The resisting party may not rely solely on legal conclusions to show there is a genuine issue of material fact justifying denial of summary judgment. *Amco Ins. Co. v. Stammer*, 411 N.W.2d 709, 711 (Iowa 1987). Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984). We examine the record in the light most favorable to the party opposing the motion for summary judgment to determine if the movant has met his or her burden. *Matherly v. Hanson*, 359 N.W.2d 450, 453 (Iowa 1984).

*Ronald Noah & Floyd County.* Lindaman argues that his petition sets forth a claim against Ronald Noah and Floyd County and that we should reverse the trial court's dismissal. Not one of Lindaman's arguments addresses the issue presented to this court in our review of the trial court's grant of summary judgment; that is, whether any genuine issue of material fact exists. We consider any argument Lindaman may have on this issue to be

waived. Iowa R.App.P. 14(a)(3). We affirm the trial court in sustaining the motion for summary judgment filed by Ronald Noah and Floyd County.

The costs of this appeal are taxed to the appellant, Douglas Lindaman.

For all the reasons stated, the district court's judgment is affirmed.

AFFIRMED.