# IN THE SUPREME COURT OF IOWA

No. 08–0485

Filed August 7, 2009

**U.S. BANK,**

    Appellant,

vs.

**ALISA R. BARBOUR,**

    Appellee.

---

Appeal from the Iowa District Court for Linn County, Marsha Bergan (initial motion to dismiss), Thomas L. Koehler (recast ruling), and Fae Hoover-Grinde (dismissal ruling), Judges.

The plaintiff appeals a district court decision dismissing the plaintiff's action as a sanction for plaintiff's failure to comply with a court order. **DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS.**

Piper Lori Hughes of Litow Law Office, P.C., Cedar Rapids, for appellant.

Rodney W. Kleitsch of Iowa Legal Aid, Cedar Rapids, for appellee.

**WIGGINS, Justice.**

A bank filed a petition to recover a debt alleging a credit card holder defaulted on her credit card account. In the course of the proceedings, the debtor filed a preanswer motion to recast, which the court granted. The bank did not recast its petition. As a sanction for its failure to recast, the court dismissed the petition. Because the district court erred when it entered its order requiring the bank to recast the petition, we reverse the decision of the district court and remand for further proceedings.

## I. Background Facts and Proceedings.

Alisa R. Barbour and U.S. Bank began their financial relationship in December 1994 when Barbour opened her credit card account. By February 2006 U.S. Bank alleges Barbour owed $13,707.60 on the account.

U.S. Bank filed a three-count petition against Barbour on February 9, 2007, to obtain a judgment for the balance due on the account. U.S. Bank attached Barbour's February 2006 credit card statement to its petition. U.S. Bank sought the principal amount owed, $13,707.60, as well as prepetition interest in the amount of $1,130.41, postpetition interest at a rate of ten percent, and court costs.

After receiving notice of the petition, Barbour filed a preanswer motion to dismiss for failure to state a claim upon which relief can be granted. Specifically, Barbour claimed the petition failed to allege the existence of a contract between her and the bank, the petition failed to identify a legal theory, and the bank had not provided a numbered bill of particulars that limited and defined the proof of an account pursuant to Iowa Rule of Civil Procedure 1.420.

U.S. Bank opposed the motion to dismiss claiming, even if a deficiency existed in its pleading, the motion to dismiss was not the proper remedy. Concurrent to this response, the bank also filed an amended bill of particulars. The bank claimed the bill of particulars was sufficient to allow Barbour to answer the petition. This amended bill of particulars consisted of Barbour's credit card statements displaying her credit card activity from December 19, 2002, through February 15, 2006.

Barbour filed a reply to the bank's opposition and amended bill of particulars. It stated the bill of particulars was insufficient because it did not contain consecutively numbered paragraphs and did not define and limit the proof because the first statement starts with a balance of over $7400.

The court held a hearing on this motion to dismiss. Barbour argued not only was the petition unclear, but it also alleged the existence of an account, which required U.S. Bank to have a numbered bill of particulars that defined and limited the proof in compliance with Iowa Rule of Civil Procedure 1.420. Barbour further asserted the amended bill of particulars that U.S. Bank provided was not sufficient because it was not numbered and the credit card statements did not begin with a zero balance.

In response to Barbour's argument, the bank argued under notice pleading that it plead three theories of recovery—open account, quantum meruit, and account stated. The bank also argued under federal law it was only required to keep two years of statements, and it attached to its amended bill of particulars all of the statements it had in its possession. Finally, the bank argued Barbour was attempting to begin discovery, rather than answering the petition.

The district court found the petition contained fair and sufficient notice enabling Barbour to admit or deny the petition. Regarding the bill of particulars, the court stated that issue was more appropriately decided upon summary judgment because the question really concerned the issue of damages, not whether the petition should stand.

Barbour then filed a preanswer motion for a recast of the petition and stated the amended bill of particulars did not satisfy Iowa Rule of Civil Procedure 1.420. She asked for a numbered bill of particulars in compliance with the rule. She also stated the bill of particulars was deficient because it did not start with a zero balance. U.S. Bank opposed the motion claiming the court had already decided this issue and these matters should wait and be determined at summary judgment stage of the case.

A different judge granted Barbour's preanswer motion to recast. The court stated U.S. Bank had thirty days to recast, otherwise sanctions, including dismissal of the action, could be imposed. U.S. Bank requested a reconsideration of the ruling stating the amended bill of particulars contained all the information necessary and anything further would be too cumbersome. The court overruled U.S. Bank's motion to reconsider.

Barbour filed a motion to dismiss based on U.S. Bank's failure to recast. U.S. Bank opposed this motion. The court held a hearing on this motion. A third judge determined U.S. Bank did not comply with the ruling on the motion to recast, so the court granted Barbour's motion to dismiss.

U.S. Bank appeals.

## II.  Issue.

U.S. Bank raises two issues on appeal.  However, the issue as to whether the district court erred in ordering U.S. Bank to recast its petition in light of the court's prior ruling on the motion to dismiss is dispositive of this appeal.  Therefore, it is the only issue we will discuss.

## III.  Scope of Review.

The order requiring U.S. Bank to recast its petition is contrary to the ruling made by the court on Barbour's motion to dismiss.  Normally a trial judge may correct another judge's ruling any time before final judgment.  *Kendall/Hunt Publ'g Co. v. Rowe*, 424 N.W.2d 235, 240 (Iowa 1988).  Thus, the answer to the question as to whether the court erred in ordering U.S. Bank to recast its petition depends on whether the ruling on the motion to dismiss was correct.  A ruling on a motion to dismiss is reviewed for correction of errors at law.  *Estate of Ryan v. Heritage Trails Assocs., Inc.*, 745 N.W.2d 724, 728 (Iowa 2008).

## IV.  Analysis.

In the order overruling the motion to dismiss, the first judge found:

> Reading and interpreting the allegations in each count of the Petition in a light most favorable to Plaintiff, the Court finds that fair and sufficient notice is provided to enable Defendant to admit or deny the numbered paragraphs of the Petition.  The discovery process will afford Defendant the opportunity to obtain further appropriate information regarding the claims.

The court did mention in a footnote that if Barbour still had difficulty answering the petition, she could move to have the bank recast or ask for a more specific statement.

In the order overruling the motion to dismiss, the first judge also addressed the inadequacies of the amended bill of particulars.  As to this issue, the court stated:

Any deficiency Defendant claims exists with the amended bill of particulars would more appropriately be raised by a motion for summary judgment or a pretrial motion to limit evidence, consistent with pleadings and discovery. The deficiencies appear more related to the issue of damages recoverable by Plaintiff rather than whether the Petition itself should be permitted to stand.

After the ruling on the motion to dismiss, Barbour filed a motion to recast the petition, claiming deficiencies existed in the bank's amended bill of particulars. The deficiencies raised in the motion to recast are exactly the same deficiencies she raised prior to the hearing on the motion to dismiss—the items in the bill of particulars were improperly numbered and the bill of particulars did not start with a zero balance. In response to the motion to recast, the second judge ordered the bank to recast its petition and include a bill of particulars so the paragraphs were consecutively numbered and started with a zero balance. The effect of the second order was to overrule the ruling concerning the bill of particulars made by the first judge.

If the initial order regarding the motion to dismiss was correct in not requiring the bill of particulars to be renumbered and start with a zero balance, the second order requiring another bill of particulars should not have been granted. *See Kendall/Hunt Publ'g Co.*, 424 N.W.2d at 240 (stating the consequences of the second order can only be decided if the first order was correctly entered). If the court erroneously granted the second order, the court had no grounds for its sanction.

A court should grant a motion to dismiss if the petition fails to state a claim upon which any relief may be granted. Iowa R. Civ. P. 1.421(1)(*f*). In considering a motion to dismiss, the court considers all well-pleaded facts to be true. *O'Hara v. State*, 642 N.W.2d 303, 305 (Iowa 2002). A court should grant a motion to dismiss only if the petition

" ' "on its face shows no right of recovery under any state of facts." ' " *Trobaugh v. Sondag,* 668 N.W.2d 577, 580 (Iowa 2003) (quoting *Ritz v. Wapello County Bd. of Supervisors,* 595 N.W.2d 786, 789 (Iowa 1999)). Nearly every case will survive a motion to dismiss under notice pleading. *Rees v. City of Shenandoah,* 682 N.W.2d 77, 79 (Iowa 2004). Our rules of civil procedure do not require technical forms of pleadings. Iowa R. Civ. P. 1.402(2)(*a*). However if a pleading is founded on an account, the pleading shall contain a bill of particulars, consecutively numbered defining and limiting the proof. *Id.* r. 1.420.

A "petition need not allege ultimate facts that support each element of the cause of action[;]" however, a petition "must contain factual allegations that give the defendant 'fair notice' of the claim asserted so the defendant can adequately respond to the petition." *Rees,* 682 N.W.2d at 79. The "fair notice" requirement is met if a petition informs the defendant of the incident giving rise to the claim and of the claim's general nature. *Soike v. Evan Matthews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981).

We agree with the first judge's order that the petition as pled gave Barbour fair notice that the bank was seeking a judgment against her for her failure to pay her credit card bill, regardless of the theory pled. Therefore, the first order was correct in not dismissing the case for a failure to state a claim upon which any relief may be granted.

We also agree with the first judge's ruling that the amended bill of particulars is sufficient for Barbour to answer the petition. Rule 1.420 requires consecutively numbered items to be included in the bill of particulars. The purpose of this requirement is to allow the defendant to specifically admit or deny each item. Iowa R. Civ. P. 1.420. If the defendant fails to deny an item, that item is deemed admitted. *Shirk Oil*

*Co. v. Peterman*, 329 N.W.2d 13, 16 (Iowa 1983). The amended bill of particulars substantially complies with rule 1.420.

The statements for each month contain a posting date, transaction date, and reference number for each transaction. In her answer, Barbour could admit or deny the transactions by referring to the posting date, transaction date, and reference number. It would be absurd to require the bank to retype each statement in a form containing consecutively numbered items, when the statements contain unique dates and identifying numbers for each transaction. There is no prejudice to Barbour by requiring her to refer to a date and reference number to deny an item. Thus, the amended bill of particulars substantially complies with the numbering requirements of rule 1.420. *See Iowa Dep't of Human Servs. ex rel. Greenhaw v. Stewart*, 579 N.W.2d 321, 323–24 (Iowa 1998) (holding substantial compliance with a rule is sufficient so long as the purpose of the rule has been accomplished and the opposing party is not misled to his irreparable harm).

Furthermore, the failure to start the bill of particulars with a zero balance does not mean the bank failed to state a claim upon which any relief may be granted. The failure to start at a zero balance may merely define and limit the bank's proof. Iowa R. Civ. P. 1.420. The court should allow the parties to complete their discovery to narrow the issues and better define the theories of recovery and any defenses Barbour may have to each theory.[1]

---

[1]We also note that at this stage in the proceedings, it has yet to be determined on what theory the bank is seeking recovery. As the court stated in its first ruling, further discovery is need to determine the exact theory upon which the bank seeks to recover. Rule 1.420 limits the requirement for a bill of particulars to a "pleading founded on an account." Iowa R. Civ. P. 1.420. After the completion of discovery, it may be determined that the bank does not need a bill of particulars to proceed with its lawsuit.

Therefore, the second judge erred when he overruled the decision of the first judge. The first judge was correct not to require the bank to file a further bill of particulars prior to Barbour filing her answer. Consequently, the sanction imposed for the bank's failure to comply with the second judge's order was also wrong.

**V. Disposition.**

The first judge's ruling requiring Barbour to file her answer without the filing of an additional bill of particulars was a correct ruling. The second judge erred by reversing the first judge's order. The error was compounded when a third judge entered the sanction dismissing the action when the bank failed to comply with the second order. Therefore, we reverse the district court judgment dismissing the action and the case is remanded for Barbour to answer the petition.

**DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS.**