# IN THE COURT OF APPEALS OF IOWA

No. 15-0212
Filed October 28, 2015

**KRISTEN ANDERSON,**
        Plaintiff-Appellant,

**vs.**

**THE STATE OF IOWA, THE IOWA STATE SENATE, THE IOWA SENATE REPUBLICAN CAUCUS, STATE SENATOR BILL DIX, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, ERIC JOHANSEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND ED FAILOR, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,**
        Defendant-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Dennis J. Stovall, Judge.

Kristen Anderson appeals the district court's pre-answer dismissal of her petition against the State of Iowa, the Iowa Senate, the Iowa Senate Republican Caucus, Bill Dix, Eric Johansen, and Ed Failor, alleging violations of the Iowa Civil Rights Act. **REVERSED AND REMANDED.**

Michael J. Carroll and Richard O. McConville of Coppola, McConville, Coppola, Carroll, Hockenberg & Scalise, P.C., West Des Moines, for appellant.

Jeffrey S. Thompson, Solicitor General, and Molly M. Weber and William R. Pearson, Assistant Attorneys General, for appellee.

Heard by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Kristen Anderson appeals the district court's pre-answer dismissal of her petition against the State of Iowa, the Iowa Senate, the Iowa Senate Republican Caucus, Bill Dix, Eric Johansen, and Ed Failor (collectively "the State"), alleging violations of the Iowa Civil Rights Act (ICRA). *See* Iowa Code ch. 216 (2013).

### I. Procedural Background

Anderson filed her petition at law alleging multiple violations of the ICRA— i.e., discrimination on the basis of her sex, disparate treatment, sexual harassment, and retaliatory adverse employment actions—on October 15, 2014.[1] She filed an amended petition the next day, October 16, to remedy a scanning error in her initial filing. The State filed a pre-answer motion to dismiss pursuant to Iowa Rule of Civil Procedure 1.421(1)(f) on November 10, 2014. The State argued, "The Amended Petition should be dismissed for failure to state a claim upon which any relief may be granted due to the failure to allege exhaustion of administrative remedies."[2]

---

[1] Because this case concerns purely legal issues, we need not recount in detail the underlying facts surrounding Anderson's petition.

[2] Iowa Code section 216.16 provides:

> 1. A person claiming to be aggrieved by an unfair or discriminatory practice must initially seek an administrative remedy . . . .
> 2. After the proper filing of a complaint with the commission, a complainant may subsequently commence an action for relief in the district court if all of the following conditions have been satisfied:
> *a.* The complainant has timely filed the complaint with the commission . . . .
> *b.* The complaint has been on file with the commission for at least sixty days and the commission has issued a release to the complainant . . . .

Notably, the State argued only that Anderson failed to *plead* conformity with this statute. Anderson claims—and the State does not contest—that she did in fact exhaust her administrative remedies and that the State is fully aware of that fact because it participated in the proceedings before the Iowa Civil Rights Commission. In any case,

The district court ultimately agreed, and it granted the pre-answer motion to dismiss. It held, "[T]he law is clear that the failure to allege the exhaustion of administrative remedies in the Petition warrants dismissal." It dismissed the petition without prejudice. Anderson appeals.

## II. Standard of Review

We review the district court's grant of the State's motion to dismiss for the correction of errors at law. *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014).

## III. Discussion

### A. Notice Pleading

The framework under which we evaluate rule 1.421(1)(f) motions is well-established. Iowa is a notice-pleading state. *Rieff v. Evans*, 630 N.W.2d 278, 292 (Iowa 2001); *see* Iowa R. Civ. P. 1.402(2)(a).

> A court should grant a motion to dismiss if the petition fails to state a claim upon which any relief may be granted. In considering a motion to dismiss, the court considers all well-pleaded facts to be true. A court should grant a motion to dismiss only if the petition on its face shows no right of recovery under any state of facts. . . .
> A petition need not allege ultimate facts that support each element of the cause of action; however, a petition must contain factual allegations that give the defendant fair notice of the claim asserted so the defendant can adequately respond to the petition. The fair notice requirement is met if a petition informs the defendant of the incident giving rise to the claim and of the claim's general nature.

*U.S. Bank v. Barbour*, 770 N.W.2d 350, 353 (Iowa 2009) (citations and internal quotation marks omitted). "In order to sustain [the motion], we must conclude

---

these alleged facts are not pleaded in Anderson's petition; they did not bear upon the district court's determination on the motion to dismiss, nor do they bear upon our review on appeal.

that *no state of facts is conceivable* under which plaintiff might show a right of recovery." *Lakota Consol. Indep. Sch. v. Buffalo Ctr./Rake Cmty. Sch.*, 334 N.W.2d 704, 708 (Iowa 1983) (emphasis added). "[W]e consider [the petition] in the light most favorable to the plaintiff and resolve all doubts and ambiguities in the plaintiff's favor." *Stessman v. Am. Black Hawk Broad. Co.*, 416 N.W.2d 685, 686 (Iowa 1987).

"The impact of this philosophy of pleading has virtually emasculated the motion to dismiss for failure to state a claim." *Unertl v. Bezanson*, 414 N.W.2d 321, 324 (Iowa 1987). "Nearly every case will survive a motion to dismiss under notice pleading." *Barbour*, 770 N.W.2d at 353.

Despite this low bar, the State argues Anderson's petition has failed to state a claim. It first contends our duty to determine whether there is a "right of recovery under any state of facts" is in conflict with the fact that we "cannot rely on evidence to support a motion to dismiss [or] rely on facts not alleged in the petition." *Hawkeye Foodserv. Distrib., Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 609 (Iowa 2012). We do not see the conflict. Our analysis is a simple two-step process. We first presume the well-pleaded facts to be true while eschewing any facts asserted by either party outside the pleading. *See id.* With that foundation we then determine "whether there is any conceivable state of facts under which [the plaintiff] might show a right of recovery." *Kingsway Cathedral v. Iowa Dep't of Transp.*, 711 N.W.2d 6, 8 (Iowa 2006).

The State argues we may not "speculate as to non-pleaded facts,"[3] including a plaintiff's compliance with procedural requirements such as those found in Iowa Code section 216.16. If Anderson has not pleaded compliance, it argues, the court is left to speculate whether she has so complied and therefore must dismiss the petition. The State's interpretation of our pleading requirements is antithetical to their purpose. Under the State's proposed interpretation, plaintiffs must affirmatively plead their compliance with every procedural requirement in order to avoid pre-answer dismissal of their petitions because courts cannot otherwise presume those requirements have been met. We find no authority in Iowa's statutes or jurisprudence to support the State's argument.[4] The State's interpretation of our notice pleading requirements defeats the policy behind our rules of pleading: "to secure a just, speedy, and inexpensive determination of all controversies *on their merits*." Iowa R. Civ. P. 1.402(1) (emphasis added).

The State and the district court rely heavily on this court's decision in *Lindaman v. Bode*, 478 N.W.2d 312, 315–16 (Iowa Ct. App. 1991). In *Lindaman*, "[t]he district court dismissed [the plaintiff's] claim against [the defendants] finding the petition failed to allege exhaustion of remedies under . . . the [Iowa Tort

---

[3] The State argues our consideration should be strictly limited to the well-pleaded facts and "reasonable inferences drawn from them." It cites no authority for its proposition. This notion directly conflicts with our directive to consider any conceivable state of facts, and we therefore reject it.

[4] The State concedes that neither the ICRA nor our case law state that exhaustion must be pleaded to state a claim. It nevertheless argues that, viewed in tandem, the statute and case law do create such a requirement. It fails to explain how the interaction between the two sources of law creates a new requirement that neither source itself contemplates.

Claims Act]."[5]  478 N.W.2d at 315.  However, the appellant in *Lindaman* did not challenge the district court's ruling on the basis of the sufficiency of the pleading; he challenged the district court's ruling only on the basis of its application of the Iowa Tort Claims Act to his claims.  *See id.* at 315–16.  The question of whether dismissal was proper based on a deficiency of the pleadings was neither considered nor decided in *Lindaman*.  *Id.* at 316.  Rather, our decision was limited to a determination of the applicability of the statute to the claims as pleaded.  *Id.*  Though we did affirm the dismissal, our affirmance was not based upon or in consideration of the sufficiency of the pleadings.  *Id.*  We therefore do not agree with the district court that *Lindaman* clearly states a rule of law requiring dismissal of petitions that fail to allege exhaustion of administrative remedies.  *Lindaman* does not contravene the directive from our supreme court to evaluate "whether there is any conceivable state of facts under which [the plaintiff] might show a right of recovery."  *Kingsway Cathedral*, 711 N.W.2d at 8.

The State notes that "[t]he only issue when considering a [rule 1.421(1)(f)] motion to dismiss is the petitioner's right of access to the district court, not the merits of his allegations."  *Hawkeye Foodserv. Dist., Inc.*, 812 N.W.2d at 609.  However, this language taken in the context of our pleadings jurisprudence stands for the proposition that a petition should be dismissed if it affirmatively demonstrates on its face that the petitioner does not have the "right of access" to the court.  *See id.* at 608–09.  It does not, contrary to the State's reading, require

---

[5] The district court in the instant case noted in applying *Lindaman* to a different statute, "The ICRA requires the exhaustion of administrative remedies as did the Iowa Tort Claims Act."

the pleading to "assur[e] [the district court] of its own subject matter jurisdiction."[6] Insofar as the State believes subject matter jurisdiction is implicated by the exhaustion of administrative remedies, it may file a motion to dismiss pursuant to Rule of Civil Procedure 1.421(1)(a) asserting a lack of jurisdiction. *See Am. Nat'l Bank v. Sivers*, 387 N.W.2d 138, 140 (Iowa 1986) ("Since the advent of notice pleading . . . , it is a rare case which will not survive a [rule 1.421(1)(f)] motion. As a result, disposition . . . must now ordinarily be accomplished by other pretrial procedures.").

Rule 1.421(1)(f) motions are strongly disfavored and should rarely be granted.[7] We find this is not one of those rare cases. The pleading gave the State fair notice of the claims asserted and permitted it to adequately respond. *See Barbour*, 770 N.W.2d at 353. Nothing more was required. We conclude the

---

[6] In its oral submissions, the State reframed its argument to assert that exhaustion of administrative remedies must be pleaded because it is a condition precedent to suit. However, conditions precedent likewise need not be pleaded under our notice pleading rules. *See Trs. of the Iowa Laborers Dist. Council Health & Welfare Trust v. Ankeny Cmty. Sch. Dist.*, 865 N.W.2d 270, 274–75 (Iowa Ct. App. 2014).

[7] Even in a case in which our supreme court affirmed the grant of a rule 1.421(1)(f) motion, it admonished practitioners not to rely on them:

> [W]e mention the special risks and problems which attend premature attacks on litigation by motions to dismiss. Although we conclude the trial court should be affirmed, we certainly do not recommend the filing of motions to dismiss in litigation, the viability of which is in any way debatable. Neither do we endorse sustaining such motions, even where the ruling is eventually affirmed. Both the filing and the sustaining are poor ideas.

*Cutler v. Klass, Whicher & Mishne*, 473 N.W.2d 178, 181 (Iowa 1991). *See also Robinson v. State*, 687 N.W.2d 591, 592–93 (Iowa 2004) ("We recognize the temptation is strong for a defendant to strike a vulnerable petition at the earliest opportunity. Experience has however taught us that vast judicial resources could be saved with the exercise of more professional patience.").

district court erred in dismissing the petition. We therefore reverse the district court.[8]

### B. Applicability of ICRA

The State presents an alternative claim, asking us to affirm the dismissal in part on their claim the Iowa Senate and the Iowa Senate Republican Caucus are not "persons" under the ICRA and are therefore not subject to its terms. *See* Iowa Code § 216.2(12) ("'Person' means one or more individuals, partnerships, associations, corporations, legal representatives, trustees, receivers, and the state of Iowa and all political subdivisions and agencies thereof."). *See also id.* § 216.6(1)(a).

The State concedes the terms "association," "political subdivision," and "agency" are not defined by the ICRA. It therefore asks us to apply definitions from other chapters in the code that support its position. *See, e.g.*, *id.* § 17A.2(1) (defining "agency" as used in the Iowa Administrative Procedure Act). It also asks us to reject definitions of the terms from other chapters in the code that do not support its position. *See, e.g.*, *id.* § 23A.1 (defining "state agency" as used in chapter proscribing government competition with private enterprises). It fails to assert a principled reason to support application of one definition over the other.

---

[8] Because we conclude the petition was sufficient to survive the rule 1.421(1)(f) motion, we need not consider Anderson's claim that "the [lack of] exhaustion of [administrative] remedies is an affirmative defense which must be [pleaded] and proven by the defendant." Neither do we consider her alternative claims that she moved by implication to amend her petition and that the district court denied the implied motion. The American Civil Liberties Union of Iowa and the National Employment Lawyers Association—before this court as amici curiae—present an additional alternative claim asserting the doctrine of judicial estoppel should have prevented the State from moving to dismiss under rule 1.421(1)(f). Based on our ruling on the sufficiency of the pleading, we need not reach this issue.

We reject the State's claim. First, the State's strained reliance on the definition of terms from carefully selected outside statutory provisions runs contrary to our directive to "presume words used in a statute have their ordinary and commonly understood meaning." *See McGill v. Fish*, 790 N.W.2d 113, 119 (Iowa 2010). Second, the State's proposed restrictive interpretation defeats the legislature's intention that the terms of the ICRA "be construed broadly to effectuate its purposes." *See* Iowa Code § 216.18(1). Third, the low bar of our notice pleading standard applies to the State's claim at this pre-answer stage of the proceedings, and the petition sufficiently informs the Iowa Senate and the Iowa Republican Caucus of the claim's general nature such that they may adequately respond. *See Barbour*, 770 N.W.2d at 353.

### IV. Conclusion

We find Anderson's petition stated a claim upon which relief could be granted. The district court erred in granting the State's rule 1.421(1)(f) motion. We reject the State's request to affirm in part. We reverse and remand the case for further proceedings.

**REVERSED AND REMANDED.**