# IN THE COURT OF APPEALS OF IOWA

—————————

No. 25-0272
Filed April 1, 2026

—————————

**Universal Access Mortgage Midwest, LLC,**
Plaintiff,

v.

**Donna Jones and Robert McBride,**
Defendants.

—————————

**William H. Gilliam,**
Intervenor/Cross Petitioner-Appellant,

v.

**Donna Jones and Robert McBride,**
Cross Respondents/Appellees.

—————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Andrea J. Dryer, Judge.

—————————

**AFFIRMED**

—————————

William H. Gilliam, Reno, Nevada, self-represented appellant.

Thomas J. Richter of Beecher, Field, Walker, Morris, Hoffman & Johnson,
P.C., Waterloo, attorney for appellees.

—————————

1

Considered without oral argument
by Tabor, C.J., Sandy, J., and Vogel, S.J.
Opinion by Sandy, J.

**SANDY, Judge.**

This case tests a straightforward proposition: the law does not permit landlords to collect rent for properties they were never permitted to rent. That is precisely what occurred here. Accordingly, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In October 2019, Universal Access Mortgage Midwest, LLC (Universal Access) owned real estate at the address of 2715 St. Francis Drive, Waterloo, Iowa. That month, Universal Access entered into a dwelling unit rental agreement with Donna Jones and Robert McBride. Universal Access agreed to lease the property to Jones and McBride as tenants for a term ending on November 30, 2020, and continuing thereafter on a month-to-month basis. Universal Access did not have a rental permit for the property issued by the City of Waterloo when it entered into the rental agreement with Jones and McBride and had not possessed a rental permit since 2017.

On March 15, 2022, Universal Access filed a petition in small claims court through its manager and sole owner, William Gilliam, bringing claims against Jones for (1) failure to pay rent, (2) damages to property, and (3) slander. Jones filed an answer denying the claims and brought counterclaims for (1) breach of the lease agreement and (2) breach of the implied warranty of habitability.

On March 21, Universal Access filed a second petition in small claims court, bringing claims against McBride for (1) failure to pay rent, (2) occupancy while holding over, (3) harm to property, and (4) defamation. McBride filed an answer denying the claims and brought counterclaims for (1) breach of the lease agreement and (2) breach of the implied warranty of habitability.

The two small-claims cases were consolidated and transferred to district court. On August 17, 2023, Gilliam moved to intervene, which the district court granted. Gilliam filed a cross-petition against Jones and McBride, bringing claims of (1) defamation, slander, and false light, (2) interference with business relationships, (3) interference with prospective business advantage, and (4) intentional or malicious willful injury. Jones and McBride denied the claims brought by Gilliam and raised various affirmative defenses in their answer.

During the proceedings, Universal Access and Gilliam (together, "Gilliam," as context requires) filed a motion under Iowa Rule of Civil Procedure 1.701(4) to record a deposition without a stenographer present. Jones and McBride resisted, and the district court denied the motion.

On December 6, 2024, Jones and McBride filed a motion for summary judgment. In the appendix attached to their motion for summary judgment, the Appellees submitted an affidavit from Barry Stratton. Stratton was the Waterloo Property Safety Inspector at the time the parties entered into the rental agreement and during the dispute that followed. Gilliam resisted the motion for summary judgment.

The district court granted the motion for summary judgment on February 2, 2025, holding the rental agreement was void and unenforceable on public policy grounds. Because Universal Access did not have the required rental unit permit from the City of Waterloo, the claims of occupancy while holding over and nonpayment of rent failed as a matter of law. The district court further held that the record contained no sufficient facts to generate genuine issues of any of the Gilliam's other claims.

Gilliam filed a motion to reconsider, enlarge, or amend under Iowa Rule of Civil Procedure 1.904(2), which the district court denied. Gilliam appealed the district court's order, raising several claims. Upon review, we affirm the district court.

## STANDARD OF REVIEW

"We review the district court's decisions regarding discovery for an abuse of discretion." *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013) (citation omitted).

"We review a district court ruling on a motion for summary judgment for correction of errors at law." *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018) (citation omitted). "Summary judgment is proper when the moving party has shown there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (cleaned up).

## ANALYSIS

### I. Denial of Gilliam's Rule 1.701(4) Motion

Gilliam argues the district court abused its discretion by denying his motion to record a deposition without a stenographer under Iowa Rule of Civil Procedure 1.701(4). But as Jones and McBride point out, Gilliam failed to cite to any legal authority showing how the district court abused its discretion.

Iowa Rule of Appellate Procedure 6.903(2)(a)(8)(3) states an argument section must include:

> [a]n argument containing the appellant's contentions and the reasons for them *with citations to the authorities relied on and references to the pertinent parts of the record* in accordance with rule 6.904(4). No authorities or argument may be incorporated into the brief by reference to another

5

> document. *Failure to cite authority in support of an issue may be deemed waiver of that issue.*

(Emphasis added). Gilliam's argument on this issue is incoherent and cites no authority. Rule 6.903(2)(a)(8)(3) is clear that if an appellant fails to cite authority in support of an issue, the issue is waived. The issue is, therefore, waived.

## II.    Sufficient Denial of Cross Petition

Gilliam argues that because Jones and McBride's answer did not separately deny each of the seventy-seven items set forth in a document entitled "Bill of Particulars" attached to the cross-petition, the district court should have deemed each of the items admitted, thereby creating a genuine issue of material fact.

Gilliam relies on Iowa Rule of Civil Procedure 1.420, which provides:

> A pleading founded on an account shall contain a bill of particulars thereof, by consecutively numbered items, which shall define and limit the proof, and may be amended as other pleadings. A pleading controverting such account must specify the items denied, and any items not thus specified shall be deemed admitted.

Rule 1.420 has been applied to cases involving actions between credit card companies or banks and an account holder, as well as cases where a party purchases goods from a business on an open account. *See Capital One Bank (USA), N.A. v. Denboer*, 791 N.W.2d 264, 275 (Iowa Ct. App. 2010); *U.S. Bank v. Barbour*, 770 N.W.2d 350, 354 (Iowa 2009).

Rule 1.420 has not been applied to the landlord-tenant context in Iowa. Even if Rule 1.420 did apply in the landlord-tenant context, we would conclude that Jones and McBride's answer constitutes a sufficient denial of Gilliam's claims, and that said claims are not automatically admitted. The

6

purpose of the bill of particulars requirement under rule 1.420 "is to allow the defendant to specifically admit or deny each *item*." *Barbour*, 770 N.W.2d at 354 (emphasis added). Iowa Rule of Civil Procedure 1.405(1) provides that an answer shall "specifically admit or deny each allegation or paragraph of the pleading to which it responds."

Gilliam alleges in paragraph four of his cross-petition that "Defendant Jones breached the rental agreement by failing to perform as required therein, held over, caused extensive damages in excess of ordinary residential usage." In their answer, Jones and McBride specifically "deny the allegations set forth in Paragraph 4 of the Plaintiffs' Petition." Paragraph six of the cross petition provides "Cross Petitioner's particularized damages arising from under the agreement duly enumerated and attached hereto as the Bill of Particulars," with said bill of particulars attached. Jones and McBride responded in their answer that they "deny the allegations set forth in Paragraph 6 of the Plaintiffs' Petition." Even if Rule 1.420 did apply in this context, Jones and McBride's denial of the bill of particulars in paragraph six of their answer is a sufficient denial, as it specifically denied paragraph six containing the attached bill of particulars. The district court did not err when it denied Gilliam's relief on this claim.

## III.    District Court's Reliance on Waterloo City Code Section 9-7-6(D)

Waterloo City Code section 9-7-6(D) provides, in part, "No rent may be collected for any rental unit not covered by a valid, current rental unit permit." Gilliam makes several arguments that the district court improperly considered section 9-7-6(D) when it concluded the rental agreement was unenforceable on the grounds of public policy.

Gilliam first argues that Jones and McBride did not specifically plead Waterloo City Code section 9-7-6(D) as an affirmative defense, and the

district court thereby erred by considering it in its order. Gilliam, however, only raised this issue for the first time in his motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2) after the district court granted the motion for summary judgment.

Gilliam failed to preserve this issue for review on appeal. A party fails to preserve an issue for appellate review if the issue is raised for the first time in a rule 1.904(2) motion, following the longstanding precedent that the rule "is not designed as a replacement of the requirement to preserve error." *Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 543 (Iowa 2019). This issue is not preserved.

Gilliam next argues the that the district court erred in relying on section 9-7-6(D) because the code "is a mere abatement and requires that the licensing officer have given notice to enforce." What Gilliam is likely referring to is the portion of section 9-7-6(D) that provides:

> The licensing officer may order rent abated when it is determined that the owner has, after issuance of a notice of violation of this chapter:
>
> 1. Failed to provide an essential service (water, sewer, electricity, heat);
>
> 2. Failed to remedy a condition that poses a substantial risk to the health or safety of the tenant, unless the tenant's or the tenant's guests acts or omissions caused said condition; or
>
> 3. Allowed an individual to live in a rental unit that does not have a valid rental permit.

Section 9-7-6(D) does not stand for what Gilliam claims it does. Rather, it allows the licensing officer to order a rent abatement if the owner fails to maintain a minimum living standard for their tenants.

Gilliam finally argues that an email exchange between him and the Waterloo city clerk's office demonstrates "erratic enforcement" of section 9-7-6(D) during the COVID-19 pandemic and, thus, undercuts the district court's order. This issue was raised for the first time in Gilliam's rule 1.904(2) motion for new trial and is therefore not preserved for our review. *See Winger*, 926 N.W.2d at 543.

## IV. Reliance on Barry Stratton's Affidavit

Gilliam's final argument is that Stratton's affidavit does not constitute "competent proof" as required by Iowa Rule of Civil Procedure 1.981(5), and it should not have been considered by the district court.[1] Rule 1.981(5) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that affiant is competent to testify to the matters stated therein."

Stratton's affidavit, in accordance with rule 1.981(5), was based on his personal knowledge, set forth facts that would have been admissible at trial, and showed he was competent to testify to the matters within the affidavit. The affidavit lists Stratton's credentials and details his interactions with Gilliam while performing inspections on the rental property. It also states that Stratton knew the rental property did not have a permit and was not registered with the city. If Stratton had testified to this at trial, it would have been admissible into evidence in accordance with rule 1.981(5).

---

[1] Gilliam also refers to the public-records and business-record exceptions to the hearsay rule but does not articulate how either exception would affect the admissibility of the affidavit's contents.

## CONCLUSION

After considering all Gilliam's arguments, we determine the district court did not err by granting Jones and McBride's motion for summary judgment.

**AFFIRMED.**